[No. 13050.     In Bank. — June 17, 1892.]

ELIZABETH NILES, APPELLANT, v. WILLIAM ED-
WARDS, RESPONDENT.

CONSTITUTIONAL LAW — JURISDICTION OF SUPREME COURT — POWER OF COURT IN BANK — MODIFICATION OF JUDGMENT RENDERED IN DEPART-MENT — REHEARING IN BANK. — Under the constitution of this state, there is but one supreme court, and the jurisdiction which is vested in it may be exercised either in Bank or in Department. The court in Bank has the power to correct an error in, or modify the judgment rendered in, a Department, at any time within thirty days, of its own motion, irrespective of any application therefor, and it is not necessary that the cause be argued in Bank upon an order therefor, to give the court in Bank jurisdiction thereof.

ID. — FAILURE OF CLERK TO ENTER ORDER MODIFYING JUDGMENT. — An order of the supreme court modifying a judgment is not rendered nugatory by reason of the failure of the clerk to enter it in his minutes until after the expiration of thirty days from the time when the judgment was pronounced in Department. The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court, it is as effective as if it had been entered of record by the clerk.

MOTION in the Supreme Court for a *remittiur*. The facts are stated in the opinion of the court.

*W. R. Daingerfield, A. F. Morrison, Thomas V. O'Brien,* and *O'Brien & Daingerfield,* for Appellant.

*Arthur Rodgers,* for Respondent.

HARRISON, J. — Upon an opinion that had been prepared in this cause by Mr. Commissioner Temple, the court in Department Two made an order on the 29th of June, 1891, reversing the judgment, and directing the court below to enter a judgment on the findings in favor of the plaintiff. Subsequently thereto, an application was made on behalf of the respondent that the cause be heard in Bank, and on the 29th of July, 1891, an order was made by the court in Bank modifying the judgment that had been rendered by the Department, and directing that the cause be remanded for a new trial. An opinion embodying the reasons for this modification was at the same time prepared, but it was not filed with the clerk, nor was the order entered in his minutes until the next day. (For a report of the case, see 90 Cal. 10.) The appellant has moved for a *remittitur* upon the judgment originally pronounced in Department Two, upon the ground that the court in Bank has no jurisdiction to modify the judgment of a Department until after the cause has been heard in Bank upon an order therefor, and also upon the ground that the order modifying the judgment was not entered in the minutes of the clerk until after the expiration of thirty days from the time when the judgment had been pronounced in the Department.

Under the constitution of this state, there is but one supreme court, and the jurisdiction which is vested in it may be exercised either in Bank or in Department; and in either case its exercise is of equal import. The jurisdiction of the court in Bank and in Department is co-ordinate, and although in Bank it may exercise a control over the action of a Department, yet such juris-

diction is supervisory, rather than appellate. As the constitution requires the court to " always be open for the transaction of business," any order that is made by a majority of the justices is an order of the court in Bank, and the exercise, by the justices, of this supervisory control of the action of a Department is the action of the court in Bank. Nor is it necessary for the exercise of this supervisory jurisdiction that a distinct order be made that the cause be heard in Bank. The modification, by the court, of the action of a Department implies that it has already given to such action its consideration, and includes or dispenses with the formal order therefor.

The provision in the constitution that within thirty days after judgment has been pronounced in a cause by a Department an order may be made that it be heard and decided in Bank, is merely a provision that the cause may, after such judgment, be considered and determined by the court in Bank, and does not necessarily imply that an additional or oral argument must be made or listened to before it can be so considered or determined.

The term "heard," as here used, is taken from the practice in equity procedure, and corresponds to the term "trial," as used in cases at law. It signifies the consideration and determination of a cause by the court or by a judge, as distinguished from a trial of a cause, which is a term more properly predicated of its determination by a jury. (See 3 Bla. Com. 451, 453; *Akerly* v. *Vilas*, 24 Wis. 171; 1 Am. Rep. 166; *Merritt* v. *Portchester*, 8 Hun, 45.) This construction finds support from a consideration of the subsequent clauses of the same section, viz., that the concurrence of four justices " present at the argument " is necessary for a judgment by the court in Bank; and that if four justices "so present" do not concur in a judgment, all the justices qualified to "sit" in the cause "shall hear the argument." These clauses are not to be construed as requiring that a judgment cannot be pronounced by the court in Bank

unless concurred in by four of the justices who were physically present at an oral argument, or that all of the justices qualified to "sit" shall literally "hear" an argument, although it may be conceded that whenever there is an oral argument, only the justices who were present at such argument would be authorized to take part in the decision of the cause. The meaning of these clauses and the construction to be given them is, that the argument shall be "considered" by the court, or by those of the justices who are qualified to "act" in the cause, and that the judgment to be rendered shall be concurred in by four of the justices of the court.

The provision that a judgment pronounced in Department shall not become final until the expiration of thirty days, unless approved in writing by the chief justice and two associate justices, has merely the effect to make definite, by a constitutional requirement, that which, prior to the adoption of the present constitution, existed only by virtue of a rule of court. Within this period of thirty days the case is still within the jurisdiction of the court, and the judgment, as well as the opinion, is subject to its control, and may be changed, modified, or vacated by the court, either in the Department in which it was heard, or in Bank. The provision that the judgment shall become final, unless within that time an order be made that the cause be heard in Bank, has only the effect to limit the time within which the judgment may be changed or modified, but it does not deprive the court of its inherent power to modify or change its judgment without such order, so long as the cause is still pending before it, and has not become final. "It is one of the inherent powers of every appellate court to revise, to modify, and to correct its judgments, so long as they are under its control." (*In re Jessup*, 81 Cal. 466.) By the constitution, the judgment that has been pronounced by the court in Department is for thirty days thereafter "under the control" of the court, — not merely under the control of the Department which pronounced the judgment, but of the court in Bank as well,

— and during that time the court — either the Department which pronounced the judgment, or in Bank — has the authority to modify or to correct the judgment in any particular which it may deem essential to justice. In *In re Jessup*, 81 Cal. 472, the following propositions were held: "1. The perfecting of an appeal gives us jurisdiction of a cause, and that jurisdiction lasts until a *remittitur* is regularly issued; 2. While the cause remains subject to our jurisdiction we have the power, derived from the constitution, to grant a rehearing after judgment, just as we have the power, independent of legislative enactment, to reverse, affirm, or modify the judgment of the inferior court, and to enforce our own judgments; 3. By the constitution, a majority, consisting of four justices, may decide any matter within our jurisdiction."

In the exercise of its power to hear a cause in Bank after a judgment thereon has been pronounced in Department, the court is not limited to an application therefor by a party to the cause, or to the grounds upon which such application may be made, but this power may be exercised by it upon its own motion, irrespective of such application. The Department that pronounced the judgment may itself modify or vacate the same, as may also the court in Bank, or a majority of the justices of the court. An application that a cause may be so heard, whether addressed to the chief justice or to the court, is in fact an application to the court in Bank; and it has been the invariable practice of the court since its organization to consider such applications when convened in Bank. Although the application may be granted upon the order of the chief justice with the concurrence of two associate justices, yet the order is none the less the result of a consideration by the court in Bank, and is to be regarded as the action of the court in Bank, by virtue of the provision in the constitution that an order so made shall have the same effect as if made by a majority of the members of the court.

When, therefore, the court in Bank, or a majority of the justices, in the exercise of this supervisory control over the action of a Department, determines that the judgment or opinion of the Department should be modified, or that it is erroneous, it has the power to correct such error or to make such modification therein as the nature of the case or justice may seem to demand. Whether this shall be done upon the record already before it in the cause, including the arguments theretofore presented, or whether the court will direct additional argument, rests in its own discretion, and such discretion is to be exercised according to the exigencies of the individual case.

This is the construction which has been invariably given to this section of the constitution. At the first session of the court subsequent to the adoption of the present constitution, after a judgment had been pronounced in Department, the court in Bank modified the opinion that had been rendered by the Department. (*Langley* v. *Voll*, 54 Cal. 435. See also, to the same point, *Aldrich* v. *Willis*, 55 Cal. 86; *Pulliam* v. *Bennett*, 55 Cal. 368.) In *Pollard* v. *Putnam*, 54 Cal. 630, a judgment had been rendered by the court in Department reversing the cause, and remanding it to the court below, with instructions to enter judgment in favor of the defendant, and thereafter the court in Bank, without making any order that the cause be heard in Bank, modified the judgment by remanding the cause for a new trial. Similar action was had in *Withers* v. *Little*, 56 Cal. 373; *People* v. *Miles*, 56 Cal. 402; and in many other subsequent cases. In *Falkner* v. *Hendy*, 80 Cal. 638, the court in Bank made a radical change in the judgment that had been pronounced in Department, without ordering the cause to be heard in Bank. The Department has itself modified its own judgment. (*O'Connor* v. *Flynn*, 57 Cal. 297.) These instances (and many more might be added) of the construction given to the constitution by those who were first called upon to expound it have been followed so frequently, and

the practice has been so uniform, that if we had any doubts as to its correctness, we would not feel authorized now to give such a construction as would imply that our predecessors were in error.

The order of the court was not rendered nugatory by reason of the failure of the clerk to enter it in his minutes.    The constitution declares that .this court "shall always be open for the transaction of business," while the duties of the clerk are, by the constitution, left to be defined by the legislature (art. VI., sec. 14); and under the statute prescribing his duties (Pol. Code, sec. 1031), he is not required .to keep his office open upon holidays, or upon any day except between the hours of ten, A. M., and four, P. M.    The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court, it is as effective as if it had been entered of record by the clerk.    It was held in *Adams* v. *Dohrmann*, 63 Cal. 417, that although the last day of the thirty days within which an order granting a hearing in Bank may be made fell upon a holiday, yet, inasmuch as the constitution provides that this court shall always be open for the transaction of business, such holiday was one of the thirty days within which such action must be taken.    Inasmuch, however, as the court has the entire period of thirty days within which to take such action, it must result that any action taken upon that day is to be given effect, although the office of the clerk be not open for the purpose of making a record in his minutes of such action, and although no record thereof be made until after the expiration of the thirty days. The same principle makes effective any action of the court that may be taken after the office hours of the day, and the closing of his office by the clerk.    The subsequent entry in his minutes does not give any greater effect to the order, but merely perpetuates by record the action of the court.    The effect of the order of the court is determined by the fact that it was made

within the limits of its constitutional authority, and any mode which the court itself may adopt for the purpose of authenticating its action is sufficient.

The motion is denied.

McFarland, J., Garoutte, J., De Haven, J., Sharpstein, J., Paterson, J., and Beatty, C. J., concurred.