[No. 15160.   Department One.— September 11, 1893.]

## A. W. VON SCHMIDT, Respondent, *v.* JAMES H. WIDBER, Treasurer, etc., Appellant.

Appeal — Order Dispensing with Bond of Municipal Officer— Filing with Clerk — Dismissal. — An order dispensing with an undertaking on appeal by a municipal officer, which is made by the judge in the court-room while holding court, and filed with the clerk, although not entered in the minutes of the court, is an order of "court" within the meaning of section 946 of the Code of Civil Procedure, and a motion to dismiss the appeal upon the ground that the order dispensing with the undertaking was the order of the judge, instead of the court, will be denied.

Id. — Entry of Order of Court in Minutes not Essential. — The action of the court does not depend upon the entry of its orders by the clerk in the minutes, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court, and filed with the clerk, it is as effective as if it had been entered of record by the clerk.

Motion to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco denying a motion for a new trial.

The facts are stated in the opinion of the court.

*John H. Durst*, City and County Attorney, for Appellant.

*Tilden & Tilden*, for Respondent.

Harrison, J. — Motion to dismiss the appeal.
The appellant was sued in his official capacity as treasurer of

the city and county of San Francisco, and has appealed from the judgment against him. Section 946 of the Code of Civil Procedure provides that the court below may in its discretion dispense with an undertaking on appeal, "when the appellant is an executor, administrator, trustee, or other person acting in another's right," and in *Scheerer* v. *Edgar*, 67 Cal. 377, it was held that this section applied to an action against a municipal officer in his official capacity. On the 19th of July, 1892, after the defendant had given his notice of appeal, the Hon. James M. Troutt, one of the judges of said superior court, and the presiding judge thereof, while holding a session of one of the departments of the court at its court-room, and engaged in the trial of a cause then pending in said department, upon the motion of the attorney for the defendant, made and signed an order dispensing with any undertaking upon said appeal, which he returned to said attorney, and it was on the same day filed with the clerk, but no record thereof was ever made in the minutes of the court. The respondent now moves to dismiss the appeal for the want of an undertaking upon the ground that an order dispensing with an undertaking on appeal can be made only by the court, whereas the foregoing order was made by a judge, and not by the court.

A court is a tribunal presided over by one or more judges, for the exercise of such judicial power as has been conferred upon it by law. Blackstone, following Coke, defines it as "a place where justice is judicially administered" (3 Bl. Com. 23); but it is also essential that this place be designated by law, and that the person or persons authorized to administer justice be at that place for the purpose of administering justice at such times as may be also designated by law. The times fixed by law for the transaction of judicial business are called "terms," and the periods between the end of one term and the beginning of the next are called "vacations." These "terms" vary in different jurisdictions according to the statutes by which they are fixed, in 'some states ending at fixed dates and in others continuing until the commencement of a succeeding term. Formerly in England there were four terms of court in each year, and their duration was so fixed that there were only ninety-one days in each year during which the courts could

be in session: As the judicial business increased it became impossible to transact it all within these periods of time, and there grew up the practice of hearing many matters "out of court" with the same effect as if heard while the court was in session; but the matters which were thus heard were only such as pertained to causes pending in court, and which were of a nature to expedite or facilitate the judicial disposition of the pending cause to which they were merely subsidiary or collateral. At a later day the practice arose of hearing and disposing of such matters at certain hours during "term time" while the court was not in formal session, and, subsequently, certain hours of each day were fixed at which one of the judges would hear these matters while the court was actually in session. The motions and orders thus made were said to be heard and disposed of "at chambers" for the reason that they were heard by the judge at his chambers, rather than in the court-room, but the term "chambers" finally became extended so as to include any place, either in or out of the court-room at which a judge may hear applications or make orders while the court is not in session, in matters pending in that court. The distinction between those matters which could be heard in court and those which could be heard at chambers arose from convenience, rather than from any other cause, but they were limited to the subsidiary and incidental steps in practice and procedure, leaving to the court the judicial determination of the issues presented by the pleadings, and which formed a part of the record.

The term "court," as used in the Code of Civil Procedure, means sometimes the place where the court is held, sometimes the tribunal itself, and sometimes the individual presiding over the tribunal, and in many cases is used synonymously, as well as interchangeably, with "judge"; and, whether the act is to be performed by the one or the other, is generally to be determined by the character of the act, rather than by such designation. Section 166 provides that a judge "may, at chambers, grant all orders and writs which are usually granted in the first instance upon an *ex parte* application," and section 1004 provides that orders made out of court may be made by the judge of the court in any part of the state. Prior to the adoption of the present constitution there were fixed terms in this state

XCIX. Cal.—33

for the transaction of judicial business by the several district courts, and any act done by a court after its term had ended was void. (*Bates* v. *Gage*, 40 Cal. 183.) Upon the adoption of the present constitution, all terms of court were abolished, and by its provisions (art. VI., sec. 5) the superior courts are always open, and (sec. 6) in San Francisco there may be as many sessions of said court at the same time as there are judges thereof, and "the judgments, orders, and proceedings of any session of the superior court, held by any one or more of the judges of said courts respectively, shall be equally effectual as if all the judges of said respective courts presided at such session." Under the present constitution of this state, therefore, whenever a judge of the superior court is present at the place designated for the transaction of judicial business, and there assumes to transact such business, his acts may be considered as the acts of the court of which' he is a judge.

There is no provision, either in the constitution or by statute, which.requires the presence of any other officer than the judge to constitute a court or to authorize the transaction of judicial business; nor is there any provision of law which requires all the orders of a court to be entered at length in its minutes, in order that they may be effective, and by section 1003 of the Code of Civil Procedure, every direction of a court or judge is an order, whether it be merely made in writing or entered in the minutes. If it is not entered it should, however, be filed, in order that it may form a part of the records in the case. The county clerk is *ex officio* the clerk of the superior court of his county, and his duties are fixed by statute, and are defined in section 111 of the County Government Act. (Stats. 1891, p. 321.) This statute, however, is intended to define his duties as a political officer of the state, rather than to prescribe or limit the functions or judicial powers of the court. He is not, however, by this act required to do more than to "enter a synopsis of all orders, judgments, and decrees proper to be entered, unless the court shall order them to be entered at length." By section 1052 of the Code of Civil Procedure, he is required to keep a register of actions in which he must enter the title of the action "with brief notes under it from time to time of all papers filed and proceedings had therein." He is also required to make in

the minutes of the court an entry of certain acts and transactions had or done in the presence of the court by the parties to an action, such as their oral consent to a waiver of a trial by jury (sec. 361), or of findings of fact (sec. 634), or their agreement to a reference (sec. 638); and in case of receiving a verdict upon the trial of a cause by a jury, he is to make an entry of the time of trial, the names of the jurors and witnesses, and to set out the verdict at length. (Sec. 628.) These, however, are matters which form a proper connection between the pleadings and the judgment, and, as they are a digression in the progress of a trial from the general course of procedure designated for obtaining a judgment upon the issues presented by the pleadings, the legislature has deemed it proper that they should be evidenced by a permanent memorandum thereof. But these entries in the minutes are evidently intended for the guidance of the court in its further action in the cause, and cease to be of value upon the entry of the judgment, for they form no part of the judgment roll or "record" of the judicial action of the court (sec. 670), and cannot be used to impeach that record. With the exception of orders in matters of probate (sec. 1704), there is no provision in the Code of Civil Procedure which requires the clerk to enter in his minutes any order of the court made during the trial of the cause, or at any time after issue and before judgment. The final action of the court upon the issue made by the pleadings, and which is a judicial determination of that issue, is to be recorded by the clerk in the judgment book. (Sec. 668.) It is essential, however, that the action of the court be made a matter of record, in order that there may be no uncertainty as to what its action has been, and for this purpose it is customary, as well as expedient, to have its acts entered in the minutes kept by the clerk; but if the order is formally prepared and signed by the judge, and made a matter of record by filing with the clerk, the same end is attained as if it were spread at length upon the minutes of its daily transactions. As was said in *Niles* v. *Edwards*, 95 Cal. 47: "The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court, it is as effective as if it had been entered of record by the clerk."

We hold, therefore, that, as the order in question was made by a judge, who at the time was at the place designated for holding court, and in the exercise of his judicial functions as a court, it was a sufficient compliance with the provisions of section 946; and the motion to dismiss the appeal is, therefore, denied.

McFARLAND, J., and PATERSON, J., concurred.

Hearing in Bank denied.