[Civ. No. 4911. Second Appellate District, Division Two.—January 31, 1925.]

ROY B. FINKLE et al., Executors, etc., Petitioners, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

[1] NEW TRIAL—JURISDICTION—POWERS OF JUDGE AT CHAMBERS.—The powers of a superior court judge at chambers are enumerated in section 166 of the Code of Civil Procedure, and the authority to pass upon a motion for new trial is not one of them—the determination of such a motion being a judicial act which, to be legal, must be performed by the court and not by a judge outside of the court.

[2] ID.—ORDER SIGNED OUTSIDE COUNTY.—An order granting a new trial signed by a judge at one county is not an order made by the superior court for another county, as it is not a judicial act at the place designated by law as that where justice is required to be judicially administered by said court.

---

2. See 7 R. C. L. 992.

[3] ID.—SECTION 1004, CODE OF CIVIL PROCEDURE, INAPPLICABLE.—The provision of section 1004 of the Code of Civil Procedure, declaring that "Orders made out of the court may be made by the judge of the court in any part of the state," is applicable only to such orders as a judge may make at chambers, or elsewhere out of court, and it can have no application to an order which only the court can make.

[4] ID.—FILING ORDER AFTER LAPSE OF TIME—RETRIAL—JURISDICTION.—An order granting a new trial which is signed by the judge at a county other than that in which the case was tried, and which is not received and filed by the clerk of the court in which the case was tried until two days after the time allowed by statute for acting upon the motion for a new trial, comes too late to be effective as an order of the court; and, therefore, the motion is denied by operation of law, and the court is without jurisdiction to retry the case.

[5] ID.—VOID ORDER—WAIVER.—The order in such case is an absolute nullity, ineffective for any purpose, and not a mere irregularity which is waived by the failure of plaintiff to call it to the attention of defendant (who made the motion for the new trial) until after the time within which defendant might appeal from the judgment.

[6] ID.—RETRIAL—PROHIBITION.—The case having been an equitable action, and the trial by jury not having been a matter of right, the plaintiffs had no right of appeal from the order purporting to grant defendant's motion for a new trial; and, therefore, when the court and the judges thereof were persisting in their determination to go on with the retrial of the case, and were about to take proceedings in the action which were in excess of their jurisdiction, plaintiffs were entitled to a writ of prohibition restraining them from proceeding with the trial.

[7] ID.—PROHIBITION—ISSUES—EVIDENCE.—In a proceeding in prohibition to restrain the superior court from proceeding with the retrial of a case, on the ground that the order purporting to grant defendant's motion for a new trial was void, the petitioners may introduce evidence *dehors* the record of the superior court for the purpose of establishing the issue raised by their petition as to the invalidity of the order purporting to grant a new trial.

---

(1) 33 C. J., p. 966, n. 1, p. 968, n. 95 New; 29 Cyc., p. 923, n. 22 New.  (2) 15 C. J., p. 715, n. 2, 3; 29 Cyc., p. 1028, n. 78 New. (3) 29 Cyc., p. 1028, n. 78 New.  (4) 29 Cyc., p. 1028, n. 78 New. (5) 29 Cyc., p. 1028, n. 78 New.  (6) 3 C. J., p. 507, n. 61; 9 C. J., p. 1159, n. 6; 35 C. J., p. 159, n. 33, p. 166, n. 14; 32 Cyc., p. 599, n. 2, p. 603, n. 27, p. 604, n. 32. (7) 32 Cyc., p. 630, n. 4.

PROCEEDING in Prohibition to restrain the Superior Court of San Bernardino and Jesse Olney and Benjamin F. Warmer, Judges thereof, from proceeding with the retrial of a case. Peremptory writ granted.

The facts are stated in the opinion of the court.

John L. Campbell and Charles L. Allison for Petitioners.

Walter E. Byrne and Hunsaker, Britt & Cosgrove for Respondents.

FINLAYSON, P. J.—This is a proceeding in prohibition to prevent the superior court for San Bernardino County from proceeding with the retrial of an action after an order granting defendant's motion for a new trial.

The action in which the new trial was granted is one in equity brought in the superior court for San Bernardino County by Sophia A. Finkle against F. C. Finkle to cancel an agreement for the conveyance of real property. It was tried in that court before a jury on October 16, 1923, the Honorable J. A. Smith, Judge of the superior court for Calaveras County, presiding. A verdict for the plaintiff was returned by the jury. The verdict, though advisory only—the case being of equitable cognizance—was evidently adopted by the court, for it is shown by the petition that on February 29, 1924, a judgment in accordance with the verdict was entered in favor of the plaintiff in the action. On March 5, 1924, notice of the entry of the judgment was served upon the defendant, who, within due time and on notice given by him as required by law, moved the court, Judge Smith presiding, to grant a new trial of the cause. The motion was taken under submission, and on May 5, 1924—the last day allowed by the statute for acting upon the motion—Judge Smith, at Calaveras County, signed a written order in the case, which, after reciting the submission of the motion, reads as follows: "It is ordered that the motion for a new trial be and the same is hereby granted." This order was mailed by Judge Smith to the county clerk of San Bernardino County, by whom it was received and filed at San Bernardino on May 7, 1924. Thereafter the petitioners here, as executors of the last will and testament of

Sophia A. Finkle (they having been substituted as parties plaintiff for their testatrix, who had died in the meantime), moved these respondents to vacate the order granting the new trial. The motion was denied, and respondents are about to go forward with the retrial of the case. It is to prevent such retrial that this proceeding was brought.

Petitioners contend that the order of Judge Smith granting the motion for a new trial is a nullity for the reason that it was not made by the court within two months after notice of the entry of the judgment, and that under section 660 of the Code of Civil Procedure such failure on the part of the court to act within the statutory period is tantamount to a denial of the motion.

An order passing upon a motion for new trial is not one which a judge of the superior court has the right to make at chambers. [1] The powers of a judge at chambers are enumerated in section 166 of the Code of Civil Procedure, and the authority to pass upon a motion for new trial is not one of them. The determination of such a motion is a judicial act which, to be legal, must be performed by the court and not by a judge outside of the court. (Code Civ. Proc., sec. 660; *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 Pac. 466]. See, also, *Campbell* v. *Genshlea,* 180 Cal. 217 [180 Pac. 336].)

[2] A court, as defined in *Von Schmidt* v. *Widber,* 99 Cal. 512 [34 Pac. 110], is "a tribunal presided over by one or more judges, for the exercise of such judicial power as has been conferred upon it by law." Blackstone defines it as "a place where justice is judicially administered"; and in *Von Schmidt* v. *Widber, supra,* it is said that it is essential "that the person or persons authorized to administer justice be at that place for the purpose of administering justice." The order signed by Judge Smith at Calaveras County on May 5, 1924, was not an order made by the superior court for San Bernardino County. It was not a judicial act at the place designated by law as that where justice is required to be judicially administered by the court.

The cases cited by respondents to the effect that a written order signed by the judge is valid when signed are not in point, for here the order was not one which the judge could make out of court. [3] Section 1004 of the Code of Civil

Procedure declares that "Orders made out of court may be made by the judge of the court in any part of the state." Obviously this provision is applicable only to such orders as a judge may make at chambers, or elsewhere out of court. It can have no application to an order which only the court can make, such, for example, as an order passing upon a motion for a new trial. If the power to pass upon the motion for new trial were one which could have been exercised by Judge Smith at chambers, it doubtless would have been operative when signed, and its filing in the clerk's office within the prescribed time would not have been essential to its validity. (*Swift* v. *Canovan,* 47 Cal. 86.) Or if the order had been rendered by Judge Smith in open court, a failure of the clerk to enter it in his minutes before the expiration of May 5th would not have defeated its operation as a court order, since the validity of an order made by the court does not depend upon the date of its entry. (*Von Schmidt* v. *Widber, supra.*)    But that is not this case.

Respondents cite us to *Comstock etc. Co.* v. *Superior Court,* 57 Cal. 625, *Walter* v. *Merced Academy Assn.,* 126 Cal. 582 [59 Pac. 136], and *Estudillo* v. *Security etc. Co.,* 158 Cal. 66 [109 Pac. 884]—cases which hold that if the judge who presided at the trial of a case in the superior court for a certain county subsequently goes into another county, where he prepares and signs his findings of fact and an order directing the entry of judgment, and sends such findings and order to the clerk of the county where the case was tried, and the clerk files them, the proceedings are not void for want of jurisdiction. We fail to see how the doctrine of these cases can possibly aid respondents. It is of course axiomatic that a case which has been tried and submitted for decision can be determined only by the court and not by the judge apart from the tribunal in which he presided during the trial. It is probably the theory of the decisions to which we have just adverted that when the findings of fact are filed and the clerk is ordered to enter a particular judgment thereon, the court, as a court, has acted. In *Comstock etc. Co.* v. *Superior Court, supra,* it is said that "the cause was not determined until the findings and order for judgment were filed with the clerk of the superior court." In *Walter* v. *Merced Academy Assn., supra,* the court says that "until the decision and decree were

filed by the clerk in Merced County [the county where the case was tried] they were not in force.'' According to the doctrine of these cases the order signed by Judge Smith could have no force or effect as a *court* order until it was received and filed by the clerk at San Bernardino. [4] But that filing, which occurred on May 7, 1924, or two days after the expiration of the period during which the court possessed the power to grant a new trial, came too late to be effective as an order of the court. It is clear, therefore, that the motion for a new trial was denied by operation of law, and that the superior court is without jurisdiction to retry the case.

[5] There is no merit in the claim that the order was but a mere irregularity which was waived by petitioner's failure to call it to the attention of the defendant in the action until after the time within which he might appeal from the judgment. The order was an absolute nullity, and ineffective for any purpose. (*Shepherd* v. *Superior Court, supra.*)

[6] Petitioners have no plain, speedy, and adequate remedy in the ordinary course of law. The case of *Finkle* v. *Finkle* was an equitable action. A trial by jury was therefore not a matter of right, and hence no appeal lies from the order purporting to grant a new trial. (Code Civ. Proc., sec. 963.)

The case is one which calls for the issuance of the writ of prohibition. It is true, as respondents very properly say, that the remedy afforded by prohibition is prohibitive rather than corrective, and the writ will only issue to restrain the commission of a future act and not simply to undo an act already performed. But here respondents, by persisting in their determination to go on with the retrial of the case of *Finkle* v. *Finkle,* are about to take proceedings in the action which are in excess of their jurisdiction. Petitioners, therefore, are entitled to a writ of prohibition restraining respondents from proceeding with the trial. See *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8], and *Shepherd* v. *Superior Court, supra.*

[7] Likening the order for a new trial to a final judgment, respondents earnestly insist that the writ of prohibition will not lie because it does not appear upon the face of the order that it was made out of court. In support of this contention we are referred to *Clendaniel* v. *Conrad,* 3

Boyce (Del.), 549 [Ann Cas. 1915B, 968, 83 Atl. 1036], and *Ex parte Cooper*, 143 U. S. 472 [36 L. Ed. 232, 12 Sup. Ct. Rep. 453, see, also, Rose's U. S. Notes]. It is true that in the last-mentioned case the United States supreme court does say that prohibition will not lie after judgment or sentence unless the want of jurisdiction which furnishes the basis for the writ be apparent upon the face of the proceeding sought to be prohibited. But an analysis of that decision discloses that the doctrine upon which it rests is none other than the generally recognized one that if the existence or nonexistence of jurisdiction depends upon controverted facts which the lower court is competent to inquire into, prohibition will not lie if that court shall have determined the fact in favor of its jurisdiction. "When an inferior court has power to determine a jurisdictional fact, its determination cannot be collaterally attacked upon an application for a writ of prohibition." (*Murphy* v. *Superior Court*, 84 Cal. 592 [24 Pac. 310.] We quote from the syllabus.) That this is the doctrine which governed the decision of the federal supreme court in *Ex parte Cooper* is made manifest by the following: There the court was asked to pass upon the jurisdiction of the United States district court for the district of Alaska, sitting in admiralty. The Alaska court's jurisdiction depended upon whether the seizure of a libeled vessel and the offense committed by its crew—taking fur seals in violation of the federal statute—occurred in waters within the territorial jurisdiction of the United States. In the course of its opinion the United States supreme court said: "Upon the face of the libel and findings, if the jurisdiction did not extend beyond three miles from the shore the legal inference is that the offense and seizure were within that limit. (Citing authorities.) *The court had power to inquire into the fact upon which jurisdiction depended, and its maintenance of jurisdiction involved the conclusion necessary to sustain it.*" (Italics ours.) In the instant case the jurisdiction of the superior court to act upon the motion for a new trial did not depend upon any controverted fact which that court was called upon to decide before it could pass upon the question whether a new trial should or should not be granted. The superior court had lost whatever jurisdiction it possessed when it failed to act within the time provided by the statute. In the

other case cited by respondents—*Clendaniel* v. *Conrad,
supra*—the Delaware supreme court held that on a petition
for prohibition it could not consider issues of fact *dehors*
the record, for the reason that it has no machinery for the
determination of such issues. The ground for its decision
on this branch of the case is stated by the court substantially
as follows: The writ of prohibition is a common-law writ.
The common-law procedure includes a method, and also the
means, of determining issues of fact *dehors* the record in pro-
hibition cases. But the court of last resort in England did
not have original jurisdiction to issue writs of prohibition,
and as a consequence that court had no common-law practice
or procedure for determining issues of fact *dehors* the record
in such proceedings. Therefore the Delaware supreme court,
corresponding to the court of last resort in England, has
no common-law rule of practice or procedure to govern it
in the exercise of its jurisdiction to issue writs of prohibi-
tion; and in the absence of a procedure established by statute,
it has no means of determining issues of fact *dehors* the rec-
ord. In the course of its opinion the Delaware court used
this language: "While this court is given by the constitution
the right to make all orders, rules and processes proper to
give effect to its writs of prohibition, it is not thereby given
the power or means of trying issues of fact *dehors* the record.
It can have no jury, neither has it the authority to appoint
commissioners, masters or other officers or agents to take
testimony, examine questions of fact and report their find-
ings to the court. In other words, this court has no ma-
chinery for the determination of issues of fact outside the
record." This reasoning is wholly inapplicable to the statu-
tory system of procedure which obtains in this state. Our
statute makes specific provision for the determination of
issues of fact in all prohibition proceedings, irrespective of
whether the facts put in issue arise *dehors* the record in the
lower tribunal or appear upon the face of its proceedings.
It is expressly provided by our code that the respondent in
a prohibition proceeding may file an answer to the petition,
that the issues of fact raised thereby may be tried before a
jury, and that the petitioner may countervail the answer
by proof either in direct denial or by way of avoidance.
(Code Civ. Proc., secs. 1105, 1089–1091.) The mode of pro-
cedure thus sanctioned by our statute is entirely incom-

patible with the notion that this court has no machinery for the determination of issues of fact *dehors* the record of the tribunal whose jurisdiction is in question.

Let a peremptory writ of prohibition issue in accordance with the views herein expressed

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1925.