[Civ. No. 3206.   Third Appellate District.—August 4, 1926.]

## EARL V. BARBEE et al., Petitioners, v. D. M. YOUNG, as Judge, etc., Respondent.

[1] NEW TRIAL — NOTICE OF INTENTION — FILING BEFORE ENTRY OF JUDGMENT — TIME TO PASS ON MOTION. — The rule that where a party files and serves a notice of intention to move for a new trial he waives notice of the previous entry of the judgment, and the successful party is thereby relieved of the necessity of giving formal notice of the entry of judgment in order to start in operation the provision of section 660 of the Code of Civil Procedure, limiting the time within which the trial

court may pass on the motion, has no application where no judgment was entered at the time of filing the notice of intention.

[2] ID.—TIME—TWO MONTHS DEFINED.—The period of "two months" referred to in section 660 of the Code of Civil Procedure, within which the trial court may pass on a motion for a new trial, is two calendar months, and not sixty days.

[3] ID.—TIME OF GRANTING MOTION—DATE OF FORMAL ORDER.—Where the trial judge, in open court in regular session, and within the time limited by section 660 of the Code of Civil Procedure, grants defendants' motion for a new trial, the formal written order granting such motion, although actually signed and filed after the expiration of the two months' period, but dated as of the date of the granting of the motion, becomes the final order of the court as of such earlier date.

(1) 29 **Cyc.**, p. 1003, n. 11.    (2) 38 **Cyc.**, p. 312, n. 33, p. 326, n. 23.    (3) 29 **Cyc.**, p. 1028, n. 78 New, p. 1521, n. 77.

PROCEEDING in Certiorari to review an order of the Superior Court of San Joaquin County granting a new trial. D. M. Young, Judge. Writ denied.

The facts are stated in the opinion of the court.

A. H. Carpenter for Petitioners.

Eicke & Warren and George E. Gardner for Respondent.

PLUMMER, J.—By this proceeding the petitioners seek a writ of review and the annulment of an order made by the Judge of said Superior Court, granting a new trial in a certain cause heretofore tried in said Court, entitled "*Earl V. Barbee and E. L. Schmidt, Plaintiffs,* v. *C. Welsh et als., Defendants.*"

The return to the petition shows that on the twenty-second day of April, 1926, a notice of motion seeking a new trial was filed by the defendants in the cause last mentioned; that on the twenty-third day of April, 1926, judgment was entered in the said cause and notice of the entry of said judgment served upon the defendants on the twenty-

3.   See 18 **Cal. Jur.** 662.

sixth day of April, 1926; that thereafter and upon the twenty-sixth day of April, 1926, the defendants immediately served and filed a second notice of motion for a new trial; that thereafter and in due course of time the defendants' motion for a new trial was called for hearing and argued by counsel for the respective parties, submitted to the court and on the twenty-fifth day of June, 1926, the court, while in regular session, granted defendants' motion for a new trial and made its order in open court granting the defendants' motion for a new trial on all the grounds stated in defendants' motion and particularly on the ground of insufficiency of the evidence, and at the time of making said order also ordered that the execution theretofore issued in said cause be recalled; that thereafter and on the twenty-eighth day of June, 1926, counsel for the defendants having prepared the same, the court signed a' formal order granting a new trial in said cause dating said order as of the twenty-fifth day of June, 1926. The return made to this court shows that a minute order was entered on the twenty-fifth day of June, 1926, in the minutes of said court of the order granting the defendants' motion for a new trial and also of the order vacating the judgment theretofore rendered in said cause and also of the order of the court recalling the execution theretofore issued in said cause. In contradiction of the return, as certified to by the county clerk of the county of San Joaquin, and *ex-officio* clerk of the superior court of said county, the petitioners filed an affidavit of one Thomas U. Stroup, deputy county clerk of said county and courtroom clerk of department number one of the superior court of said county presided over by the respondent in said proceedings. This affidavit, so far as material here, sets forth the following:

"That on the twenty-fifth day of June, 1926, at a regular session of said Court, Judge Young made the following order in the case of *Earl V. Barbee* v. *C. Welsh, et al.*, No. 19031, towit:

"The Motion for a new trial is ordered granted on all the grounds stated in the Notice of Motion for a new trial and particularly on the grounds of insufficiency of the evidence and ordered that the execution be recalled; that at said time I made the following entry in the Rough Min-

ute Book or blotter which is as follows, to wit: 'Motion for new trial granted on insufficiency of the evidence. Execution ordered recalled.' "

The affidavit further sets forth that thereafter counsel for the defendants were notified of the order of the court and by the affiant asked to prepare a written order and that thereafter on the twenty-eighth day of June, 1926, the order referred to as having been signed and filed on the twenty-eighth day of June, 1926, was handed affiant by Honorable D. M. Young, the respondent herein and filed on said day and adopted by affiant as a minute order of said court and entered and recorded in the minutes of said court in minute-book No. 13 as of the date of June 25, 1926.

Under the foregoing circumstances it is contended by the petitioners that the court had lost jurisdiction on the twenty-fifth day of June, 1926, to order a new trial in said cause and also that the entry of the formal order signed by the judge of said court on the twenty-eighth day of June, 1926, was effective only as of that date and was after the time allowed by law for the entry of an order granting the defendants a new trial. [1] In support of these contentions it is first argued that the filing and serving of a notice of intention to move for a new trial by the defendants on the twenty-second day of April, 1926, caused the time within which the trial court might grant a new trial in said cause to date from that date and cites as authority for such contention cases holding that where a party has filed a notice of intention to move for a new trial he thereby waives notice of the previous entry of the judgment and that the successful party is thereby relieved of the necessity of giving formal notice of the entry of a judgment in order to start the statute in operation. That portion of section 660 of the Code of Civil Procedure relating to new trials applicable here reads: "The power of the court to pass on motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of the judgment." It is evident from the record in this cause that the defendants did not on the twenty-second day of April, 1926, have notice of the entry of judgment and that their notice simply followed the provisions of section 659 of the

Code of Civil Procedure, as amended in 1923 [Stats. 1923, p. 751, which provides: ''The party intending to move for a new trial must, either before the entry of judgment or within ten days after receiving notice of the entry of the judgment, . . . file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds,'' etc. It requires no argument to show that the cases dealing with the question of waiving notice of the entry of the judgment have no application where the circumstances show that no judgment was entered at the time of filing the first notice of intention. Section 659 of the Code of Civil Procedure deals simply with the right of a defeated party where the court has announced its conclusions or filed its findings of fact and conclusions of law to immediately give notice of motion for a new trial and has nothing to do with the time limit fixed upon the court by section 660 of the Code of Civil Procedure relating to the authority of the court to grant such motion or have it denied by operation of law. The record, instead of showing that the defendants had notice of the entry of judgment as referred to in the cases relied upon by petitioners, is exactly the contrary and shows that the defendants could not have had notice because judgment was not entered. The only record before us which shows a notice of the entry of judgment is that which fixes the date as April 26, 1926. That the defendants' previous notice of motion for a new trial was sufficient is beside the question. The second notice was doubtless filed as a matter of precaution or possibly because counsel were unaware of the amendment to section 659 of the Code of Civil Procedure made by the legislature in 1923. Upon the foregoing we hold that the time limit designated in section 660 of the Code of Civil Procedure for granting new trials began to run in this case on the twenty-sixth day of April, 1926. **[2]** The section in question reads ''within two months.'' Section 17 of the Code of Civil Procedure, subdivision 4, reads: ''The word 'month' means a calendar month unless otherwise expressed.'' Subdivision 4 of section 14 of the Civil Code likewise provides that the word ''month'' means a calendar month unless otherwise expressed. In the particular instance it is unnecessary to comment upon whether calendar months or sixty days

should be applied, as either calculation would extend the period to and including the twenty-fifth day of June, 1926. But we see no reason for holding other than that calendar months were intended by the legislature when adopting section 660 of the Code of Civil Procedure, which would extend the period to and including the twenty-sixth day of June, 1926.

[3] This leaves us but one question further to determine and that is: What is the effect of the proceedings of the trial court had on the twenty-fifth day of June, 1926, in the matter of granting a new trial in the cause heretofore referred to? Did it become effective as of that date or does it date only from June 28, 1926? In 18 Cal. Jur., page 662, second subdivision of section 14, we find the following: "It is common practice for a court to commit the preparation of important orders to counsel; an order when so prepared and signed is as much the order of the court as though the judge of the court had himself written it in its final form, and the formal order, when signed as done in open court on the date of the hearing, and filed, becomes the final order of the court *as of that date.*" In the case of *Fresno Estate Co.* v. *Fiske,* 172 Cal. 583 [157 Pac. 1127], the court had under consideration the time when an order of the court became effective and in treating the same used the following language: "An order or decree of court takes effect from the time it is pronounced, and the failure of the clerk to file the papers or enter the judgment does not delay or defeat the operation of the court's pronouncement. (*In re Cook,* 77 Cal. 220 [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 927, 19 Pac. 431]; *In re Cook,* 83 Cal. 415 [23 Pac. 392]; *In re Newman,* 75 Cal. 213, 221 [7 Am. St. Rep. 146, 16 Pac. 887]; *Niles* v. *Edwards,* 95 Cal. 41 [30 Pac. 134]; *In re Clarke,* 125 Cal. 388, 395 [58 Pac. 22]; *Estate of Wood,* 137 Cal. 129, 133 [69 Pac. 900]; *Crim* v. *Kessing,* 89 Cal. 478, 488 [23 Am. St. Rep. 491, 26 Pac. 1074].)" In *Von Schmidt* v. *Widber,* 99 Cal. 511 [34 Pac. 109], the court, in referring to the entry of orders by trial courts, quotes from a previous decision of the supreme court of California with approval as follows: "The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order

has been made by the court, it is as effective as if it had been entered of record by the clerk." In the *Matter of Estate of Randall,* 188 Cal. 329 [205 Pac. 118], the court was again considering orders and when they became effective, and thus expressed its views upon the question controverted here: "This having been done and the said formal order when so prepared having been signed by the court as 'done in open court' on the date of the hearing, it became, when so signed and filed, the formal and final order of said court as of said date." It will be noted in the cases which we have herein cited that the court says the formal order is effective *as of the date* when the order was actually made by the court in open court. In *Estate of McNamara,* 181 Cal. 82 [7 A. L. R. 313, 183 Pac. 552], the supreme court of this state, having under consideration the date when its own orders became effective, followed the rule which we have stated, that the order becomes effective at the time of its pronouncement by the court and not as of the date when the clerk makes the entry or when the formal order drawn by counsel is subsequently signed. The same rule is set forth in 29 Cyc. 1521, as follows: "An order made in pursuance of a decision on a motion relates back and operates as of the date when the decision was made," citing authorities.

The case of *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91], relied upon by petitioners, is commented upon in the opinion in the case of *Fresno Estate Co.* v. *Fiske, supra,* and the distinction pointed out that the court in the Brownell case was dealing with the entry of judgments. In the Brownell case we find the following: "The word 'taken,' as used in section 473, is, as we think, used in the same sense as the words 'render' or 'rendition,' when used with reference to a judgment. The word 'rendered' is appropriately used in reference to a judgment or decree, *but not to a proceeding or order.* The phrase in question embraced judgments, orders and proceedings, and the word 'taken' was adopted as a term alike applicable to either or all of them, and having relatively the same meaning as 'rendition.'" (Italics ours.) These words which we have quoted were used after the reference made by the court to the provisions of the code relative to the making and filing of findings before a judgment could be

entered. As stated in *Fresno Estate Co.* v. *Fiske, supra,* the inapplicability of what was decided in the Brownell case is likewise apparent here. We are dealing with an order of court made in open court which required nothing further on the part of the trial judge. His order became effective immediately on its being pronounced and any action thereafter taken by the court by way of written memoranda, formal statement or memorial, constituted only evidence of the order of the court already made. Our attention is also called to the following words found in 29 Cyc., page 1515, to wit: "Where an order is granted upon notice of motion to the adverse party it does not become complete or effective for any purpose until entered." A reference to the cases cited in support of the text shows that the subject being considered in each case was that of an entry of an order or judgment under the various statutory requirements of the states whose decisions are there cited and does not in anywise limit the rule also set forth in Cyc., which we have quoted, that the order speaks as of the date of its actual pronouncement by the court. We might add further in relation to the cases cited relative to waiving of the notice of the entry of judgment a quotation from 20 Cal. Jur. 176, dealing with waiver of the notice of entry of judgment, as follows: "Such waiver is effected by giving notice of intention to move for a new trial, or by a motion in court or other proceeding with reference to the judgment which presupposes knowledge that it has been entered, and by which it is sought to protect a party's interest against the other party; for the object of the statute in requiring notice is fully attained when the record shows that the party entitled thereto has acted in court upon actual knowledge of the entry of the judgment." Authorities are there cited supporting the text. As pointed out heretofore, it is impossible to presuppose knowledge of something which the record shows has not been done. Hence, the conclusion from the authorities cited and the reasoning which we have stated that the time within which the trial court had power to order a new trial began to run on the twenty-sixth day of April, 1926, and included by any calculation the twenty-fifth day of June, 1926, and as we think also the twenty-sixth day of June, 1926, and the order of the court made on the twenty-fifth day of

June, 1926, granting a new trial to the defendants, became effective at the time of its pronouncement and that the formal memorial signed later as of that date likewise dated back to the time when the court actually made its order. We think nothing further needs to be stated in order to show that the trial court acted within its jurisdiction. The jurisdiction of the trial court to grant a new trial being determined, the propriety of its order recalling the execution requires no consideration.

The petition is denied.

Hart, J., and Shields, P. J., *pro tem.*, concurred.

A petition by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 30, 1926.