[Civ. No. 18891.   Second Dist., Div. Two.   Mar. 19, 1953.]

TERENCE A. MAXWELL et al., Respondents, v. RETA E. PERKINS et al., Appellants.

George Devine for Appellants.

Samuel H. Sherman and A. J. Weiss for Respondents.

FOX, J.—Defendants' motions for a change of venue were granted. The court thereafter purported to vacate these orders and to deny said motions. Defendants appeal.

Plaintiffs' intestate brought an action in the county of Los Angeles naming as defendants Reta E. Perkins and her husband, Irving C. Perkins, and a couple named Lindsay. The complaint, which was in two counts, did not designate the place of residence of any of the defendants.

Defendants Reta and Irving Perkins filed separate demurrers and notices of motion for change of venue to Santa Clara County, with affidavits stating that they were residents of Santa Clara County when the action was commenced. The motions were argued and taken under submission on November 12, 1951. On November 19, 1951, the trial court signed and filed in the case a "Memorandum re Ruling on Motion for Change of Venue," which, after discussing his reasons for reaching his decision, concluded as follows:

"The motions of Reta E. Perkins and Irving C. Perkins for change of venue to Santa Clara County are granted. . The demurrers of these defendants are ordered off calendar."

A copy of this "memorandum ruling" was mailed to counsel. A minute order bearing the date of November 19, 1951, was entered by the clerk on December 13, 1951, reading in part as follows: ". . . the court now files its Memorandum Ruling and order as follows: The motions of Reta E. Perkins and Irving C. Perkins for Change of Venue to Santa Clara County are granted."

On November 27, 1951, without any further notice or hearing (and prior to the entry of the above mentioned minute order), Judge Stevens signed and filed another document en-

titled "Memorandum re Order Vacating Ruling Granting Motion for Change of Venue," which was couched in the following language:

"At the time I granted the defendants Perkins' motion for change of venue to Santa Clara County, I was of the opinion that the law of this State required the granting of such a motion by a nonresident defendant when the complaint contained a transitory cause of action against such nonresident which did not also state a cause of action against a resident defendant. (See *Hagan* v. *Gilbert,* 83 Cal.App.2d 570 [189 P.2d 548].) Since I made my minute order on November 19, 1951, granting the motion, the Supreme Court has handed down its decision in *Monogram Co.* v. *Kingsley,* 38 Cal.2d 28 [237 P.2d 265], expressly disapproving the holding in *Hagan* v. *Gilbert, supra,* and specifically ruling that so long as any cause of action in the complaint is against a resident defendant, the motion of a nonresident defendant for change of venue may not be granted on the ground of defendant's residence, even though the latter is named in a count which does not state a cause of action against the resident defendant.

"The minute order of November 19, 1951, heretofore made but not yet entered, in which I granted the motions of the defendants Perkins for change of venue and placed the demurrers off calendar, is hereby vacated and set aside. The motions for change of venue are, and each of them is, denied, and the demurrers to the complaint are reset for hearing on December 7, 1951."

The minute order bearing the date November 27, 1951, was entered by the clerk on December 21, 1951, purporting to set aside "the minute order of November 19, 1951, heretofore made but not yet entered."

On December 5, 1951, Judge Stevens executed an affidavit relating to his acts in connection with his rulings on the motions for change of venue. This statement by the judge declares that on his own notes, made on November 19, 1951, describing his actions with respect to his ruling, the filing of the document entitled "Memorandum re Ruling on Motion for Change of Venue," is referred to as "Memo. op. filed." The judge further avers that he instructed his clerk to prepare a minute order in accordance with the rulings indicated in said memorandum; that said memorandum of ruling was not intended by him to constitute a formal written order or decision on the motion for change of venue; that it was intended merely to indicate his reasons for the decision to be expressed in the

minute order, to be prepared and entered by the clerk, which alone was intended to embody the "effective ruling."

Defendants contend, with indubitable merit, that the trial court had no power to change its ruling of November 19, 1951, for the purpose of rectifying a judicial error. This proposition of law is clearly announced in *Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988], as follows: "While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend for judicial error." This same rule finds support in *Phillips* v. *Trusheim*, 25 Cal.2d 913, 916 [156 P.2d 25]; *Estate of Burnett*, 11 Cal.2d 259, 262 [79 P.2d 89]; *Drinkhouse* v. *Van Ness*, 202 Cal. 359, 369 [260 P. 869], and many other cases. ■ This class of error may be corrected only by appropriate statutory procedure and a court may not vacate an order not of a discretionary nature merely because upon reexamination of the issues it decides it has misapplied the controlling law. (*Stevens* v. *Superior Court, supra*; *Phillips* v. *Trusheim, supra*.) It is undisputed that the ruling of November 19, 1951, was not made as the result of mistake, inadvertence or improvidence, and the only reason for setting it aside and making a new order was the court's admitted belief that its original ruling was based on an application of existing law which had seemingly been superseded by a subsequent pronouncement from the Supreme Court. "The decision of the trial court having been once made *after regular submission of the motion* its power is exhausted—it is *functus officio*." (*Eisenberg* v. *Superior Court*, 193 Cal. 575, 579 [226 P. 617], quoting from *Holtum* v. *Greif*, 144 Cal. 521, 525 [78 P. 11].)

The basic question in this case, therefore, is whether the document signed and filed by the judge on November 19, 1951, constituted an order of the court. Section 1003 of the Code of Civil Procedure states that "every direction of a court . . . made or entered in writing, and not included in a judgment, is denominated an order." ■ As was stated in *Von Schmidt* v. *Widber*, 99 Cal. 511, 514 [34 P. 109]: "nor is there any provision of law which requires all the orders of a court to be entered at length in its minutes, in order that they may be effective, and by section 1003 of the Code of Civil Procedure, every direction of a court or judge is an order, whether it be merely made in writing or entered in

the minutes. If it is not entered it should, however, be filed, in order that it may form a part of the records in the case.''

█ Unless otherwise required by statute, an order becomes legally effective at the time it is signed and filed, regardless of whether it is entered in the minutes by the clerk. (*Rose* v. *Superior Court*, 140 Cal.App. 418, 428 [35 P.2d 605]; *Niles* v. *Edwards*, 95 Cal. 41, 47 [30 P. 134]; *Demens* v. *Huene*, 89 Cal.App. 748, 750-751 [265 P. 389].)

█ We are satisfied from a careful inspection of the several documents previously referred to that the ruling of November 19, 1951, is unmistakably couched in language of decision and constitutes the expressed order of the court. The caption itself indicates that it was intended to be a ruling and it closes with unequivocal words of immediate significance: ''The motions of Reta E. Perkins and Irving C. Perkins are granted.'' That this was more than a memorandum of opinion is reflected in the manner of its subsequent entry in the minute order of December 13, 1951, which states ''the court now files its Memorandum Ruling *and order* as follows: 'The motions of Reta E. Perkins and Irving C. Perkins for change of venue to Santa Clara County are granted.' '' (Italics added.) Adverting to the vacating order signed and filed on November 27, 1951, that document opens with the words: ''At the time I *granted* the defendants Perkins' motion for change of venue . . .'' Continuing, it states: ''Since I made my *minute order* on November 19, 1951, *granting* the motion . . .'' and it concludes: ''The minute order of Nov. 19, 1951, *heretofore made* but not yet entered in which I *granted* the motions . . .'' This internal evidence is strong recognition of the court's understanding on November 27, 1951, that it had previously made an order granting the motion for change of venue. Were this not so, were the previous ruling nugatory and of no effect until entered in the minutes, what need would exist for the making of a formal order to vacate it? It may be observed in passing that the order of November 27, 1951, purports to vacate the ''minute order of Nov. 19, 1951, heretofore made but not yet entered''; if it succeeded in anything, it would have vacated a nonexistent minute order, but not the ruling signed and filed with the clerk.

█ An order of a court is subject to the same rules of interpretation as any other written instrument. (*Ex parte Ambrose*, 72 Cal. 398 [14 P. 33].) █ The fact that it may have been referred to as an opinion is not of itself controlling.

(*Gulf Mail S. S. Co.* v. *W. A. Hammond S. S. Co.*, 67 Cal.
App. 420 [227 P.2d 938].) In the Gulf case, the trial court
signed an "opinion" (rather than a "ruling" as was here
done) outlining his reasons for granting a new trial, in-
cluding the ground of insufficiency of the evidence. The
opinion concluded "for these reasons I am constrained to
grant defendant's motion for a new trial, and it is so
ordered." In entering his minute order, the clerk failed to
note that the new trial was granted on the ground of insuf-
ficiency of the evidence. In commenting on the effect of
the "opinion" the court stated: "An examination of this
so-called 'opinion' convinces us that it rises to the dignity
of a written order signed and filed by the trial judge; while
it contains language giving the reasons of the trial judge
for making the order, with which reasons we are not con-
cerned [citation], it shows indubitably that the motion for
a new trial was granted upon the grounds above stated, . . ."
(P. 423.) This language is peculiarly applicable to the
"Memorandum re Ruling on Motion for Change of Venue" in
the instant case, which, on its face, shows it to be the court's
rendition of its ruling rather than an "opinion" or some pre-
liminary announcement of a decision which the court con-
templated making. Furthermore, the court placed the de-
murrers "off calendar." This order must have been predi-
cated on the *fact* that he had *actually* granted the motion for
a change of venue.

The trial court's affidavit itself plainly indicates
that the court did not propose to take further action or make
any other order. The order embodied in his ruling, signed
and filed in the case, was the order he instructed the clerk
to enter in the minutes. Nothing further was needed
to give vitality to the order. (*County of Humboldt* v. *Kay*,
57 Cal.App.2d 115, 119 [134 P.2d 501].) The entry of such
order in the clerk's minutes served merely to fix the running
of time for appeal. (Rules on Appeal, rule 2; *Jablon* v.
*Henneberger*, 33 Cal.2d 773 [205 P.2d 1].) The judge's
assertion that it was his intention that his "effective ruling"
be set forth in a minute order to be prepared and entered
in the minutes by the clerk cannot detract from the fact
that the ruling which he had already signed and filed was
itself his final judicial determination on the merits of the
motion for change of venue. (*Von Schmidt* v. *Widber*, 99
Cal. 511, 514 [34 P. 109]; *Rose* v. *Superior Court, supra.*) It
is important that parties should not be misled when a ruling

phrased in the unequivocal language of the present order and decision is signed and filed in the case and a copy sent to counsel; the parties should not be required to speculate on the undislcosed intent of the court as to the time such order is to become his ''effective ruling,'' and the cases previously cited do not so hold. As suggested by defendant, we must conclude that at the time the judge made his affidavit he was unclear as to the legal effect of the signing and filing of his order as distinguished from its entry in the clerk's minutes, hence his statement that he intended his conclusion to be expressed in a minute order.

Plaintiffs cite (*Scholle* v. *Finnell*, 173 Cal. 372, 376 [159 P. 1179], and *Putman* v. *Superior Court*, 209 Cal. 223, 227 [286 P. 425], in support of their argument that the ruling of November 19, 1951, was merely an antecedent expression of the judge which cannot ''in any way restrict his absolute power to declare his final conclusion in the only manner authorized by law.'' ▐ These cases have no pertinency to the present situation, since the court was there concerned with preliminary opinions in conflict with the judge's subsequent findings of fact and conclusions of law on which his final judgments were based. Such findings and conclusions must necessarily prevail, being ''the only manner authorized by law'' on which the judgments therein could be founded. ▐ An order granting or denying a motion for change of venue requires no written findings.

The orders are reversed.

Moore, P. J., and McComb, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 14, 1953.