BUILDERS INSURANCE COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO MATTA, JUDGE, Respondent; CARLOS ARMSTRONG E HIJOS, SUCESORES, INC., Intervener.

No. O-71-100.    Decided February 11, 1972.

*Paniagua, Diez & Figueroa* for petitioner. *Antonio P. Zapater Cajigas* for intervener.

MR. JUSTICE MARTÍN delivered the opinion of the Court.

The plaintiff corporation, intervener herein, Carlos Armstrong e Hijos, Sucrs., Inc., filed a complaint for the recovery of payment and material bond against defendant Builders Insurance Company, petitioner herein, before the Superior Court, Ponce Part.

Defendant-petitioner appeared before the court to annul an attachment levied upon it to secure the effectiveness of the judgment, requested an extension to answer, objected to plaintiff's objection against the request of an extension to answer, filed an interrogatory and a request for admission, and answered plaintiff's interrogatory. Later, without having answered the complaint, defendant-petitioner requested the change of venue to the Superior Court, San Juan Part, accompanying an Affidavit of Merit stating that its main offices were located at San Juan, Puerto Rico, alleging, therefore, that it is proper to hear the action in the district of the residence of the corporation.[1] The parties having been heard, Judge Carlos D. Bonaparte ordered the requested change of venue to the San Juan Part of the Superior Court. Feeling aggrieved, the plaintiff-intervener timely requested the reconsideration of the order for a change of venue. Said reconsideration was denied 7 days after it was presented. Plaintiff-intervener filed an amended complaint accompanied by a motion to set aside the order for a change of venue, 18 days after the motion for reconsideration was denied and without the record having been transferred to the San Juan Part. At this point defendant-petitioner filed a motion for an extension to answer the amended complaint and another entitled "Motion for a Change of Venue of an Amended Complaint."

The foregoing motions having been heard, the respondent

---

[1] See Code of Civil Procedure, §§ 78 and 81 (32 L.P.R.A. §§ 404 and 407).

Judge Antonio J. Matta, understanding that upon filing an amended complaint and presenting a motion for a change of venue with regard to the same, defendant-petitioner waived all the rights it had under the previous motion and understanding also that the steps taken by defendant-petitioner at the beginning of the proceedings constituted a submission to the court, denied the motion for a change of venue. This determination taken by the court, if upheld, would set aside the order for a change of venue originally issued by Judge Bonaparte.

■■ In view of the facts set forth, we cannot but conclude that the respondent judge erred. The question concerning the change of venue had been decided and the same having been upheld on reconsideration, the review of the same was not requested. In view thereof the court should have ordered the incorporation of the amended complaint to the record object of the change of venue. The extension to answer the amended complaint attached to the request for change of venue of the same filed by the defendant-petitioner did not constitute waiver of its rights nor submission to the Ponce Part. Furthermore, plaintiff-intervener's petition to set aside the change of venue already ordered, before a judge different from the one who had already decided the question, was equivalent to a new motion for reconsideration untimely filed, for which reason the court had lost jurisdiction to take cognizance thereof. See Rule 47 of the Rules of Civil Procedure of Puerto Rico; *Barreto* v. *Sherris Caribbean, Inc.*, 92 P.R.R. 837 (1965); *El Mundo, Inc.* v. *Superior Court*, 92 P.R.R. 772 (1965); *López Rivera* v. *Water Resources Authority*, 89 P.R.R. 406 (1963).

Although it is true that the courts have power to amend their process and orders so as to make them conformable to law, it is necessary therefor to follow the proper procedural channels. See Code of Civil Procedure of Puerto Rico, § 7, subd. 8 (32 L.P.R.A. § 44); *El Mundo Inc.* v. *Superior*

*Court, supra; Rodríguez* v. *Sánchez,* 48 P.R.R. 229 (1935); *Maxwell* v. *Perkins,* 255 P.2d 10; *Davis* v. *Campbell,* 319 S.W.2d 758.

■ Even considering the motion of the plaintiff-intervener as one under Rule 49.2 of the Rules of Civil Procedure, the same does not lie since none of the reasons enumerated therein is adduced. We have already decided that the motion under this rule does not lie to amend errors of law of the court or as a substitute remedy for the petition for review provided by law. *Commonwealth* v. *Superior Court,* 86 P.R.R. 656 (1962); *Banco Popular* v. *Superior Court,* 82 P.R.R. 236 (1961).

■ Although, in view of the conclusion we have reached, it is not necessary to enter into the determination of whether the steps taken by the petitioner before the trial court constitute a submission to its jurisdiction, it is proper to point out that irrespective of that fact the judge had not given his consent,[2] fact which, together with the agreement of the parties, is a necessary condition of Rule 3 of the Rules of Civil Procedure (32 L.P.R.A. App. II, Rule 3), to hold the hearing of a case in a division or part without jurisdiction to take cognizance of the same. See, *Colón* v. *Superior Court,* 97 P.R.R. 103, 118 (1969); *Cooperativa de Cafeteros de P.R.* v. *Colón,* 76 P.R.R. 329 (1954). To such effect we must remember what we said in the case of *Colón* v. *Superior Court, supra:*

"When a cause or appeal is filed in a Part of the Court of First Instance which is not the one assigned by law to take cognizance of the matter, as a general rule, the presiding judge should order a change of venue to the corresponding Part, unless there are extraordinary circumstances requiring the departure from this rule, and which justify that the judge consent to continue with the cause. Otherwise, we would have the unification

---

[2] The consent of the judge had been denied by Judge Bonaparte when he originally took cognizance of the question.

of the courts for the purpose of jurisdiction, but we would not have the most orderly organization for the purpose of operation. This could result in a less efficient administration of justice."

For the foregoing reasons, the order issued by the trial court in this case on March 4, 1971 will be set aside and the transfer of the record of the case to the Superior Court, San Juan Part, will be ordered, for the proceedings to be continued once it is there.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.