[Civ. No. 51843. First Dist., Div. Three. Nov. 9, 1981.]

JAMES T. McHALE et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Christopher A. Landis for Plaintiffs and Appellants.

Richard G. Rypinski, Lee Tyler, Robert J. DeFea, Francis A. McEnaney, Robert N. DeJohn and Robert R. Buell for Defendant and Respondent.

OPINION

ANELLO, J.*—This is an appeal from a judgment of dismissal entered after a demurrer to appellants' complaint was sustained without leave to amend.

Appellants were injured on April 17, 1977, when their motorcycle collided with an automobile on State Highway 1 in Monterey County. Appellants failed to file a timely claim with the State Board of Control pursuant to Government Code section 911.2, and they therefore sought leave to file a late claim pursuant to Government Code section 911.4. After this claim was denied, appellants sought judicial relief under Government Code section 946.6 which relief was granted by the trial court on March 31, 1978. The order of the court consisted of a minute order finding that appellants had met the requirements of the statute and that they were entitled to file an action against the state without first having filed a timely claim. Copies of this minute order were sent to both counsel. Counsel for appellants thereafter prepared a formal order granting the petition which was signed by the court and filed on April 18, 1978.

Government Code section 946.6, subdivision (f), provides in pertinent part as follows: "If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

The complaint herein was filed on May 16, 1978, 46 days after the filing and service of the minute order and 28 days after the filing of the formal order.

■ The sole issue presented herein is whether the 30-day statute of limitations set forth in Government Code section 946.6, subdivision (f), commenced when the minute order was made and filed on March 31, 1978, or when the formal order prepared by appellants' counsel was filed on April 18, 1978, some 18 days after the minute order was filed.

Appellants contend that the 30-day statute of limitations commenced with the filing of the formal order rather than with the filing of the minute order. We disagree.

---

*Assigned by the Chairperson of the Judicial Council.

It is well settled that when a court enters a minute order which does not call for the preparation and filing of a formal order, the minute order is final and all legal consequences ensue therefrom. (*Roberts* v. *Roberts* (1966) 241 Cal.App.2d 93 [50 Cal.Rptr. 408]; *Maxwell* v. *Perkins* (1953) 116 Cal.App.2d 752 [255 P.2d 10].) The minute order in the case at bench made no reference to the preparation or filing of a formal order. In *Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 379 [341 P.2d 13], the court stated that "[t]he act of instructing the clerk to enter the order in the minutes, whether in chambers or on the bench, followed by entry in the minutes is the equivalent of signing a *formal order* and filing it with the clerk." (Italics added.)

If appellants' contentions as to the commencement of the statute of limitations were correct, they would in effect be able to select and determine the date the formal order would be prepared and filed and thereby extend the commencement of the statute of limitations to suit themselves.

We therefore conclude that the effective date of the order granting appellants' petition for judicial relief pursuant to Government Code section 946.6, subdivision (f), was the date of the minute order entry.

The judgment is therefore affirmed.

Scott, Acting P. J., and Barry-Deal, J., concurred.