[Civ. No. 26305. Third Dist. July 23, 1986.]

COUNTY OF NEVADA, Petitioner, v.
THE SUPERIOR COURT OF NEVADA COUNTY, Respondent;
BYLINDA R., a Minor, etc., Real Party in Interest.

## COUNSEL

John K. Cotter and Stumbos & Mason for Petitioner.

No appearance for Respondent.

Laurence Peter Digesti and Digesti & Peck for Real Party in Interest.

## OPINION

**BLEASE, Acting P. J.**—Petitioner (defendant) County of Nevada seeks a writ of mandate directing respondent superior court to sustain defendant's demurrer to the complaint filed by real party in interest (plaintiff). We conclude the demurrer was properly overruled, and shall deny the petition.

The material facts may be succinctly summarized. Pursuant to Government Code section 946.6 plaintiff petitioned the superior court for relief from the claim filing requirements of the California Tort Claims Act. (Gov. Code, § 900 et seq.) Defendant did not oppose that request, and at the hearing held on August 26, 1985, the superior court announced from the bench that

the motion was granted. A minute order reflecting the court's ruling was entered by the clerk on the same day. Counsel for plaintiff had also prepared and submitted a formal "Order Granting Relief from Claim Requirement," which was signed by the judge and filed on September 4. Plaintiff filed her complaint for personal injuries on October 3, 1985. She alleges therein that defendant is liable for injuries sustained by plaintiff in an automobile accident on the theory that defendant negligently breached its duty to properly maintain the road.

Defendant demurred on the grounds that the complaint was not filed within the time permitted by Government Code section 946.6, subdivision (f), which reads: "If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter." The parties agree that the complaint in this case was not filed within 30 days of the August 26 minute order, but was filed within 30 days of the signing and filing of the formal order on September 4. Thus, the issue is whether the minute entry or the written order subscribed by the court commenced the running of the 30-day period.

Defendant, relying primarily on *McHale* v. *State of California* (1981) 125 Cal.App.3d 396 [178 Cal.Rptr. 83], contends that the minute order controls, and the complaint was therefore untimely. In *McHale* the court was presented with a situation paralleling the facts here. It held that under section 946.6, subdivision (f), the time for commencement of the civil action expired 30 days after entry of the clerk's minute order. The court supported its decision with the following rationale: "It is well settled that when a court enters a minute order which does not call for the preparation and filing of a formal order, the minute order is final and all legal consequences ensue therefrom. (*Roberts* v. *Roberts* (1966) 241 Cal.App.2d 93 [50 Cal.Rptr. 408]; *Maxwell* v. *Perkins* (1953) 116 Cal.App.2d 752 [255 P.2d 10].) The minute order in the case at bench made no reference to the preparation or filing of a formal order. In *Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 379 [341 P.2d 13], the court stated that '[t]he act of instructing the clerk to enter the order in the minutes, whether in chambers or on the bench, followed by entry in the minutes is the equivalent of signing a *formal order* and filing it with the clerk.' (Italics added.)" (*Id.,* at p. 399.)

We do not disagree with *McHale,* or with its result. Nonetheless, it is not dispositive of this proceeding. ■ As noted in *McHale,* the entry of the minute order constitutes the operative date for commencement of the 30 day period only if the minute order "does not call for the preparation and filing of a formal order . . . ." (125 Cal.App.3d at p. 399.) "The court may, however, elect to make a formal order, or direct that such an order be

prepared, and entry then consists of filing the signed order with the clerk." (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 56, p. 492.) The minute order entered in this case on August 26 does not include an express instruction that a formal order be prepared. However, rule 7.4(A) of the Uniform Local Rules For Third Appellate District Superior Courts, applicable to Nevada County, provides that: "Unless otherwise ordered, the prevailing party shall be deemed to have been ordered to prepare, serve and submit to the judge hearing the matter an original and one copy of proposed written findings of fact and conclusions of law (when required) and of a proposed order, judgment or decree showing the date the matter was heard and the name of the judge who heard the matter. Except as otherwise directed by the judge, such papers, together with proof of service, shall be delivered to the county clerk for presentation, together with the case file, to the judge at such time as may be designated by the judge."

Thus, by operation of law, the superior court was deemed to have directed preparation by plaintiff of a formal order for its signature when, on August 26, it granted the application for relief. Accordingly, under the principles enunciated in *McHale, supra,* the 30 days within which plaintiff could file her action did not commence until September 4, and the complaint was timely.

Having so concluded, we need not address the party's other arguments. The petition for writ of mandate is denied.

Evans, J., and Sims, J., concurred.