[No. B050190. Second Dist., Div. Three. Aug. 24, 1990.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RUTH KIFLEZGHIE, a Minor, etc., Real Parties in Interest.

**COUNSEL**

Hill, Genson, Even, Crandall & Wade, Greines, Martin, Stein & Richland, Martin Stein and Timothy T. Coates for Petitioner.

No appearance for Respondent.

Aldine R. Dickens for Real Parties in Interest.

**OPINION**

**HINZ, J.**—Petitioner County of Los Angeles (County) seeks a writ of mandate or prohibition directing the respondent court to vacate its March 29, 1990, order overruling the County's demurrer and to enter a new and different order sustaining its demurrer without leave to amend.

County's contention is that personal injury actions against a public entity based upon acts or omissions occurring prior to January 1, 1988, are governed by the 100-day claim filing period of Government Code section 911.2.

Because we are convinced that the County's position is correct we will grant the requested relief.

### BACKGROUND

Given the limited issue presented by the petition only a brief factual and procedural summary is necessary.

On December 11, 1989, minor Ruth Kiflezghie by and through her guardian ad litem and father Tuku Kiflezghie, and Tuku Kiflezghie and Zeghie Kiflezghie, individually (hereinafter collectively referred to as Kiflezghie), filed suit against the County for personal injuries allegedly suffered by the minor as a result of County's purported acts of medical malpractice in April 1982.

The complaint alleged that the cause of action for medical malpractice accrued in January 1989; that a claim was presented to the County on May 22, 1989; and that the County rejected the claim as untimely.

On February 16, 1990, the County demurred to the complaint. The County contended that because the complaint was based on acts or omissions occurring before January 1, 1988, this lawsuit was governed by the 100-day claim filing requirement. The County noted that the Legislature expressly declared that the 1988 amendment to Government Code section 911.2 applied only to acts or omissions occurring after January 1, 1988. Since the claim was not filed until more than 100 days after the cause of action accrued, plaintiff's action was barred.

On March 29, 1990, at the hearing on the demurrer, the court overruled the demurrer. The court in so ruling held that the word "occurring" (as set forth in Stats. 1987, ch. 1208) denotes causes of action "accruing" on or after January 1, 1988.

### DISCUSSION

In April 1982, at the time of the alleged act or omission Government Code section 911.2[1] read, in pertinent part, as follows: "A claim relating to a cause of action . . . for injury to person . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action. . . ."

Section 911.2 was amended by Statutes 1987, chapter 1208, section 3, which substituted "six months" for "the 100th day." At the same time section 11 of chapter 1208 stated: "Sections 1 to 8, inclusive, of this act apply only to actions based upon acts or omissions *occurring* on or after January 1, 1988." (Italics added.)

█ The Legislature thus has made it perfectly clear that the operative factor as to whether the 100-day rule or the 6-month rule applies depends upon the date of the occurrence of the act or omission giving rise to the cause of action.

---

[1] All statutory references are to the Government Code unless otherwise specified.

There is absolutely nothing ambiguous about the Legislature's intent or language.

Furthermore, it is clear that the Legislature did not inadvertently overlook the word "accrual" since both it and "occurring" are used in the amendatory legislation.

Since there is no ambiguity or inadvertency involved, there is no basis for the court's construction, which substituted "accruing" for "occurring."

This determination is supported by two highly regarded legal authorities. First, Weil and Brown, California Practice Guide: Civil Procedure Before Trial (Rutter 1990), section 1:404, states: "Claims based on pre-1988 acts or omissions are subject to the 100-day filing requirement under former law." Second, California Government Tort Liability Practice (Cont. Ed. Bar Nov. 1989 Supp.), at page 183, states: "The 1987 amendment to this section [section 911.2] applies only to actions based on acts or omissions occurring on or after January 1, 1988. See Stats 1987, ch 1208, § 11."

While the California Supreme Court has not ruled on the effect of section 11 of Statutes 1987, chapter 1208, as to Government Code section 911.2, it has spoken as to the effect of section 11 of chapter 1208 as to Government Code section 910, a related claim provision.

In *Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 706 [263 Cal.Rptr. 119, 780 P.2d 349], the court, at footnote 4, states: ". . . The 1987 amendments apply only to actions based on acts or omissions occurring on or after January 1, 1988. (See Stats. 1987, ch. 1208, § 11 . . . .)" (See also, *Kim* v. *Walker* (1989) 208 Cal.App.3d 375, 384, fn. 8 [256 Cal.Rptr. 223]; *Wilson* v. *Tri-City Hospital Dist.* (1990) 221 Cal.App.3d 441 [270 Cal.Rptr. 436].)

We agree.

### DISPOSITION

A writ is granted directing the respondent court to vacate its March 29, 1990, order overruling the County's demurrer and to enter a new and different order sustaining its demurrer without leave to amend.

Klein, P. J., and Croskey, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied October 30, 1990.