[No. A051360. First Dist., Div. Two. Mar. 31, 1992.]

SIEGRID MANDJIK et al., Plaintiffs and Appellants, v.
EDEN TOWNSHIP HOSPITAL DISTRICT, Defendant and Respondent.

## COUNSEL

Reg J. Lorman for Plaintiffs and Appellants.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Mark G. Bonino, Lawrence M. Guslani, Susan H. Handleman, Martin, Ryan & Andrada and Jolie Krakauer for Defendant and Respondent.

## OPINION

BENSON, J.—Plaintiffs Siegrid and Stefan Mandjik, a married couple, appeal from the trial court's order and judgment of dismissal, which was entered after the trial court sustained the general demurrer of defendant Eden Township Hospital District without leave to amend. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for medical malpractice arising out of Siegrid Mandjik's hospitalization at defendant's hospital from July 2, 1987, through August 20, 1987. Plaintiffs allege that on July 22, 1987, as a direct and proximate result of defendant's negligence, Siegrid Mandjik suffered a pulmonary embolism and cardiac failure, resulting in damages to plaintiffs. On July 1, 1988,

plaintiffs sent defendant notice of their intent to commence litigation (hereafter, 364 notice). (See Code Civ. Proc., § 364, subd. (a).)[1] The 364 notice stated the events in question "arose during [Siegrid Mandjik's] stay at Eden Valley Hospital during July of 1987."

By letter dated July 15, 1988, defendant, a public entity, treated plaintiffs' 364 notice as a claim for damages under the Tort Claims Act (Gov. Code, § 900 et seq.)[2] and returned the claim as untimely "because it was not presented within six months after the event or occurrence as required by law." (See §§ 901, 911.2, 911.3. See also *Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 707-708 [263 Cal.Rptr. 119, 780 P.2d 349] (hereafter *Phillips*) [public entity must treat 364 notice as a claim under the Tort Claims Act].) Defendant's letter further advised plaintiffs "[y]our only recourse at this time is to apply without delay to the Eden Township Hospital District for leave to present a late claim." (See §§ 911.3, 911.4-912.2.)

On July 21, 1988, plaintiffs submitted an application for leave to present a late claim to defendant. The application was accompanied by a "Claim for Damages." By letter dated August 12, 1988, defendant advised plaintiffs "your Application for Leave to Present Late Claim . . . was denied," that their "claim itself has not been considered and cannot be considered," and that they could "petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (Claims presentation requirement.)" (See §§ 911.8, 946.6.)

Plaintiffs proceeded to file a timely application for relief from the claims presentation requirement in the superior court. (See §§ 945.4, 946.6.) At a hearing on April 18, 1989, the court granted relief to Siegrid Mandjik and denied relief to Stefan Mandjik. The court's decision is reflected in a minute order bearing a stamp date of April 21, 1989. For some unexplained reason, plaintiffs' counsel then waited until August 16, 1989, to submit a written order to defendant's counsel for approval as to form. Defendant's counsel approved the order and returned it to plaintiffs' counsel on August 22, 1989. The court signed the order on December 13, 1989.

Less than a month later, on January 10, 1990, plaintiffs filed their complaint in this matter. In their complaint, plaintiffs allege the action was timely filed because "this Court granted Plaintiff Siegrid Mandjik late claim relief pursuant to its Order of December 13, 1989," and, alternatively,

---

[1]Code of Civil Procedure section 364, subdivision (a), provides as follows: "No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."

[2]Unless otherwise noted, all further statutory references are to the Government Code.

because defendant failed to act on their July 21, 1988, claim, entitling both plaintiffs to a two-year statute of limitations.

Defendant filed a general demurrer to plaintiffs' complaint, asserting the complaint was untimely because it was not filed within 30 days of the court's minute order granting Siegrid Mandjik relief from the claims presentation requirement. (See § 946.6, subd. (f).) On June 7, 1990, the trial court sustained defendant's demurrer without leave to amend. The court subsequently entered judgment in favor of defendant, and this appeal followed.

## II. STANDARD OF REVIEW

■ "This appeal is from a judgment of dismissal entered after the trial court sustained defendant's demurrer. Therefore, under settled law, we assume the truth of all properly pleaded material allegations of the complaint [citations] and give it a reasonable interpretation by reading it as a whole and its parts in their context [citation]." (*Phillips, supra,* 49 Cal.3d at p. 702.)

## III. DISCUSSION

A. *The 30-day Statute of Limitations of Section 946.6, Subdivision (f)*

■ Section 946.6, subdivision (f), provides as follows: "If the court makes an order relieving the petitioner from Section 945.4 [the claims presentation requirement of the Tort Claims Act], suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter." In sustaining defendant's demurrer, the trial court ruled "Plaintiff's complaint was not filed within the statutory 30-day period following late-claim relief. GC § 946.6 (f). The preparation and filing of a formal order was neither required by the 4/18/89 minute order granting late claim relief, nor by the local rules so as to toll the statutory 30-day period. [Citations.] Plaintiff's complaint filed on 1/10/90 was therefore untimely." Plaintiffs argue this ruling was in error, contending the complaint was timely because it was filed within 30 days of the date the formal order granting Siegrid Mandjik relief was filed.[3]

We agree with the trial court's determination the complaint was not filed within the 30-day time period set forth in section 946.6, subdivision (f). The 30-day time period commences when the court "makes an order" granting

---

[3]The trial court's order on plaintiffs' application for relief from the claims presentation requirement granted relief only to Siegrid Mandjik. The court denied relief to Stefan Mandjik, and he did not appeal this ruling. Thus, plaintiffs' arguments regarding the 30-day statute of limitations relate only to Siegrid Mandjik.

relief from the claims presentation requirement. (§ 946.6, subd. (f).) Absent a directive in the court's minute order or a local rule requiring that a formal order be prepared, the date the court " 'makes an order' " is the date it enters its minute order granting relief. (*County of Nevada* v. *Superior Court* (1986) 183 Cal.App.3d 806, 808-809 [228 Cal.Rptr. 447]; *Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303, 306 [185 Cal.Rptr. 212]; *McHale* v. *State of California* (1981) 125 Cal.App.3d 396, 399 [178 Cal.Rptr. 83].)

The minute order in this case does not direct the preparation of a formal order. Nor does any local rule *mandate* the preparation of a formal order. To the contrary, Alameda County Superior Court Local Rules, rule 10.8, subdivision (1), provides that where the court does not direct any party to prepare a written order "any party *desiring* a written order shall within five court days of the hearing submit the proposed order to opposing counsel for signature under the legend 'Approved as Conforming to Court Order.' " (Italics added.)

Plaintiffs' counsel offers no explanation whatsoever as to why he failed to follow the local rule and instead waited until August 16, 1989, nearly four months after the court granted Siegrid Mandjik relief from the claims presentation requirement, to submit a proposed order to defendant's counsel. Under these circumstances, the 30-day time period set forth in section 946.6, subdivision (f), began to run on April 21, 1989, the date of the court's minute order. We find the observations of the court in *McHale* v. *State of California, supra*, 125 Cal.App.3d at page 399, to be particularly apt in this regard: "If [plaintiffs'] contentions as to the commencement of the statute of limitations were correct, they would in effect be able to select and determine the date the formal order would be prepared and filed and thereby extend the commencement of the statute of limitations to suit themselves."

Plaintiffs attempt to distinguish the *McHale* line of cases on several grounds. ■ First, plaintiffs challenge the sufficiency of the court's minute order. Plaintiffs compare the "smooth minutes" in this case to the "rough minutes" considered by the court in *Jackson* v. *Thompson* (1941) 43 Cal.App.2d 150 [110 P.2d 470]. In *Jackson*, the court noted "it has been uniformly held that the entry of the court's oral order in the court clerk's 'rough minutes' is not an official record of any character, and until such official entry has been made in the minutes of the court the order granted remains but a mere oral announcement." (43 Cal.App.2d at p. 152.) We agree with this statement of the law; however, we find it to be inapposite. The "smooth minutes" in this case *were* officially entered in the minutes of the court: they are signed by the clerk of court, bear the case No. "H-139363-3" (the case number assigned to plaintiffs' application for relief from the claims

presentation requirement), bear a stamp date of April 21, 1989, and were filed in the court file for case No. H-139363-3. Hence, there is no basis for plaintiffs' assertion the minute order is somehow insufficient.

■ Second, plaintiffs argue their counsel believed "that a formal Order was to be prepared" and, therefore, that the trial court should have granted them relief from their counsel's mistake. (See Code Civ. Proc., § 473.) Plaintiffs are mistaken. The 30-day time limit set forth in section 946.6, subdivision (f), is a statute of limitations. "While the procedure for granting relief from the claims statutes is remedial in nature and must be liberally construed in favor of the claimant, such liberality does not extend to the statute of limitations," which is "mandatory and must be strictly complied with." (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 726 [173 Cal.Rptr. 4]. See also *Tuolumne Air Service, Inc.* v. *Turlock Irrigation Dist.* (1978) 87 Cal.App.3d 248, 252 [150 Cal.Rptr. 809]; *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833].)

■ Third, plaintiffs argue the 30-day time limit set forth in section 946.6, subdivision (f), does not commence until they received notice of the court's ruling under Code of Civil Procedure section 1019.5, notice which was not given.[4] This argument ignores the fact Siegrid Mandjik was the prevailing party with respect to the order granting her application for relief from the claims presentation requirement and, therefore, that *she* was the party required to give notice *to defendant* under Code of Civil Procedure section 1019.5. In addition, the 30-day time period of section 946.6, subdivision (f), by its own terms, commences on the date the court "makes an order" granting relief from the claims presentation requirement, not on the date a party receives notice of the order. (Cf. *Fritts* v. *County of Kern, supra,* 135 Cal.App.3d at pp. 306-308.)

Finally, plaintiffs assert that because the trial court's order *denying* relief from the claims presentation requirement to *Stefan* Mandjik amounted to a final determination of his rights, it should have been embodied in a formal written order. Even if this were the case, we fail to see how this would affect the trial court's order *granting* relief to *Siegrid* Mandjik.

B. *The Two-year Statute of Limitations of Section 945.6, Subdivision (a)(2)*

Our determination that plaintiffs did not file their complaint within 30 days after the trial court's order granting relief to Siegrid Mandjik does not

[4]Code of Civil Procedure section 1019.5 provides "[w]hen a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes."

end our inquiry in this matter. ▇ It is well established "that the filing of a claim—relief petition is [not] an election of remedies which precludes the petitioner from filing and pursuing a separate complaint alleging timely compliance" with the claims presentation requirement. (*Santee* v. *Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 712, fn. 6. [269 Cal.Rptr. 605] See also *Ngo* v. *County of Los Angeles* (1989) 207 Cal.App.3d 946, 951-952 [255 Cal.Rptr. 140]; *Rason* v. *Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 828 [247 Cal.Rptr. 492].) This is precisely what plaintiffs did in this case. Their complaint is expressly pled in the alternative, alleging *both* "plaintiff has complied with applicable claims statutes, *and* . . . plaintiff is excused from complying because . . . [p]laintiff was granted late claim relief." (Italics added.) The complaint goes on to allege the factual basis for plaintiffs' assertion of timely compliance —namely, that plaintiffs presented a claim to defendant on July 21, 1988, that this claim was timely presented based on the delayed accrual date of plaintiffs' cause of action, that defendants failed to act on this claim, and that plaintiffs, therefore, had two years to file their complaint.

Section 945.6 sets forth the statutes of limitations for filing a complaint after a public entity rejects a claim presented under the Tort Claims Act. Where the public entity gives written notice of rejection in accordance with section 913,[5] the statute of limitations for filing a complaint is "not later than six months after the date such notice is personally delivered or deposited in the mail." (§ 945.6, subd. (a)(1).) Where the public entity fails to give written notice of rejection in accordance with section 913, the statute of limitations is "within two years from the accrual of the cause of action." (§ 945.6, subd. (a)(2).) It is this second, two-year statute of limitations plaintiffs rely on in their complaint.

▇ In sustaining defendant's demurrer, the trial court took judicial notice of defendant's July 15, 1988, and August 12, 1988, letters to plaintiffs and found "the Plaintiffs' [*sic*] are not entitled to a two year statute of limitations under GC § 945.6 because written notice of rejection was in compliance with GC § 913." This finding was in error. Neither letter sent by defendant to plaintiffs contained any of the warnings set forth in section 913. The first letter treated plaintiffs' 364 notice as a claim and returned it as untimely; the letter specifically stated "no action was taken on the claim." The second letter denied plaintiffs' application for leave to present a late claim; like the first letter, it specifically stated "the claim itself has not been considered and cannot be considered."

---

[5]Section 913 requires a specific set of warnings be given whenever a public entity rejects a claim under the Tort Claims Act, including the warning " '[s]ubject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.' "

■ Apparently recognizing the trial court's error, defendant does not assert it complied with section 913 but rather that "[i]n the present case Government Code section 913 and its requirement that certain specific language be included in an outright rejection of a *timely claim* never came into play." (Italics in original.) ■ ■■ In support of this argument, defendant argues the "Claim for Damages" accompanying plaintiffs' July 21, 1988, application for leave to present a late claim "was a *required attachment* to the Application to Submit a Late Claim pursuant to Government Code section 911.4(b) and not a separate claim or document."[6] (Italics in original.) We disagree.

Plaintiffs' July 21, 1988, application for leave to present a late claim expressly states it is an "alternative application" to the claim that "is now being presented." It further states plaintiffs "do not believe that the presentation of this Claim is late." And, contrary to defendant's assertion, the application was submitted not with a " 'proposed claim' " but rather with a "Claim for Damages."

■ "A public entity cannot assume that a claim is not timely presented just by the fact that a claim and an application for leave to file a late claim are presented at the same time." (*Jenkins* v. *County of Contra Costa* (1985) 167 Cal.App.3d 152, 156 [213 Cal.Rptr. 126].) Nor is a public entity permitted to make factual determinations relating to the timeliness of a claim; to permit the public entity to do so would be to deny the claimant his right to a jury trial on disputed factual issues. (*Rason* v. *Santa Barbara City Housing Authority, supra,* 201 Cal.App.3d at p. 829; *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476, 482 [140 Cal.Rptr. 785].) Rather, where a claim submitted along with an application for leave to present a late claim alleges facts which, if true, would make the claim timely, the public entity must give specific written notice of rejection under section 913. If the public entity fails to do so, the claimant has two years from the accrual of his cause of action to file his complaint. (*Rason* v. *Santa Barbara City Housing Authority, supra,* 201 Cal.App.3d at pp. 829-830; *Jenkins* v. *County of Contra Costa, supra,* 167 Cal.App.3d at p. 156; *Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841, 847-848 [143 Cal.Rptr. 295]; *Scott* v. *County of Los Angeles, supra,* 73 Cal.App.3d at p. 482.)

The question in this case thus becomes whether plaintiffs' July 21, 1988, "Claim for Damages" (hereafter Claim) was timely on its face. If so,

---

[6]In the court below, defendant also argued that because it had previously treated plaintiffs' 364 notice as a claim and rejected it as untimely, it had no obligation to act again on the July 21, 1988, "Claim for Damages." This is clearly wrong. As we explain below (*post,* at p. 1502), one of the main purposes for requiring a public entity to treat a 364 notice as a claim under the Tort Claims Act is to enable claimants to perfect their claims. (*Phillips, supra,* 49 Cal.3d at p. 706.) This purpose would obviously be frustrated if a public entity were then permitted to ignore the perfected claim.

defendant's failure to give specific written notice of rejection under section 913 entitles plaintiffs to a two-year statute of limitations under section 945.6, subdivision (a)(2). This, in turn, raises the question of what the pertinent time period is for filing a claim under the Tort Claims Act.

Section 911.2, as it currently reads, provides "[a] claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action." "For the purpose of computing the time limits prescribed by Section[] 911.2 . . . the date of accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (§ 901.) ██ " 'In a suit for malpractice the statute of limitations commences to run when the plaintiff discovers the injury *and its negligent cause* or through the exercise of reasonable diligence should have discovered it.' [Citation.]" (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588], italics in original; see also *Phillips, supra*, 49 Cal.3d at p. 705; *Jolly* v. *Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 [245 Cal.Rptr. 658, 751 P.2d 923]; *Gutierrez* v. *Mofid* (1985) 39 Cal.3d 892, 897-898 [218 Cal.Rptr. 313, 705 P.2d 886].)

██ Throughout their correspondence, their briefing in the court below, and their initial briefing on this appeal, both parties assumed the current version of section 911.2, which allows six months after the accrual of a cause of action for medical malpractice to file a claim under the Tort Claims Act, governs this action. Assuming the six-month period applies, plaintiffs' Claim was timely on its face. The Claim alleges delayed accrual based on plaintiffs being advised of Siegrid Mandjik's injuries in late February and early March of 1988 and being advised of their negligent cause thereafter.[7] (See, e.g., *Whitfield* v. *Roth, supra*, 10 Cal.3d at p. 885.) ██ ██ ██ Since plaintiffs' Claim was presented within six months of this

---

[7]Specifically, the Claim alleges "[a]ccrual of this claim did not take place until less than 6 months from the date of the presentation of this claim. This situation arose within the last 6 months and after Claimant, Siegrid Mandjik's, physicians advised Claimants in late February and early March of 1988 of the injuries and permanency of them suffered by her from the complained of events which occurred on 7/22/87. Claimants thereafter consulted with counsel and received the input from a consulting physician as to an assessment of the 'Eden' Hospital and/or its personnels' negligence as a cause of the damages and injuries suffered by Claimants."

alleged accrual, the Claim is timely on its face under a six-month presentation period.[8]

However, as we pointed out to the parties in our request for supplemental briefing, the acts or omissions complained of in this case occurred in July and August of 1987, which was prior to the effective date of an amendment to section 911.2 extending the presentation period from 100 days to 6 months. (*Draper* v. *City of Los Angeles* (1990) 52 Cal.3d 502, 505, fn. 2 [276 Cal.Rptr. 864, 802 P.2d 367]; *County of Los Angeles* v. *Superior Court* (1990) 223 Cal.App.3d 163, 165-166 [272 Cal.Rptr. 600].) Thus, absent a finding of waiver or estoppel, plaintiffs' Claim was not timely on its face because it does not allege accrual within 100 days of presentation. The parties' supplemental briefs focus on the issue of whether defendant should be estopped from asserting a 100-day presentation period. We find this case to be more appropriately resolved on the basis of waiver.[9]

In *Phillips, supra*, 49 Cal.3d at pages 707-708, the Supreme Court held "a notice, such as plaintiffs' 364 notice, which discloses the existence of a claim that if not paid or otherwise resolved will result in litigation, must be treated as a defective 'claim' activating the notice and defense-waiver provisions of the [Tort Claims Act], sections 910.8, 911, and 911.3. [Citations.]" The court explained "the purposes of the [Tort Claims Act] are best served by requiring the public entity to notify the claimant of the nature of the claim's insufficiencies or lack of timeliness or else waive, by operation of sections 911 and 911.3, its defenses based on those deficiencies." (*Id.* at p. 711.) "This possibility of waiver encourages public entities to investigate claims promptly, and to make and notify claimants of their determinations, *thus enabling the claimants to perfect their claims.* The overall result is an incentive to public entities to manage and control the claims made against them." (*Id.* at p. 706, italics added; see also *Wilson* v. *Tri-City Hospital Dist.* (1990) 221 Cal.App.3d 441 [270 Cal.Rptr. 436].) Applying these principles, the court in *Phillips* concluded the defendant had "waived any defenses it might have raised on the ground of plaintiffs' asserted failure to present a timely claim (§ 911.3, subd. (b))" by failing to notify plaintiffs of any

---

[8]Again, it is not for the public entity to determine whether a claimant will actually be able to prove delayed accrual as a factual matter. It need only be properly alleged to create a duty on the part of the public entity to act on a claim. (*Rason* v. *Santa Barbara City Housing Authority, supra*, 201 Cal.App.3d at p. 829; *Scott* v. *County of Los Angeles, supra*, 73 Cal.App.3d at p. 482.)

[9]Accordingly, we find it unnecessary to address the issue of estoppel.

timeliness defects in their 364 notice as required by section 911.3, subdivision (a).[10] (49 Cal.3d at p. 711.)

■■■■ Unlike the defendant in *Phillips*, defendant in this case *did* treat plaintiffs' 364 notice as a claim under the Tort Claims Act. By letter dated July 15, 1988, defendant gave plaintiffs the warnings required by the *current* version of section 911.3, subdivision (a), including the warning "[t]he claim you presented to the Eden Township Hospital District . . . is being returned because it was not presented within *six months* after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code." (Italics added.) Unfortunately, this was the wrong warning.

Like section 911.2, section 911.3 was amended to reflect the extension of the claims presentation period from 100 days to 6 months. (See Stats. 1987, ch. 1208, § 4.) But, like the amendment to section 911.2, the amendment to section 911.3 applied "only to actions based upon acts or omissions occurring on or after January 1, 1988." (See Stats. 1987, ch. 1208, § 11 p. 4313; cf. *County of Los Angeles* v. *Superior Court, supra*, 223 Cal.App.3d at p. 165.) Since plaintiffs' 364 notice asserted their malpractice claim "arose during [Siegrid Mandjik's] stay at Eden Valley Hospital during July of 1987," defendant should have given the warning contained in former section 911.3, subdivision (a)—namely, "[t]he claim you presented to the Eden Township Hospital District . . . is being returned because it was not presented within *100 days* after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code." (Former § 911.3, subd. (a), italics added.)

■■■■ As the Supreme Court noted in *Phillips*, one of the main purposes for requiring a public entity to notify a claimant as to the nature of the timeliness defects in his 364 notice is to enable the claimant to perfect his claim. (49 Cal.3d at p. 706.) ■■■■ In this case, defendant, albeit unintentionally, frustrated plaintiffs' efforts to perfect their claim by giving them inaccurate notice. Defendant's defective notice of July 15, 1988, advised plaintiffs the six-month presentation period applied in this case. This defective notice, in turn, caused plaintiffs to focus on the wrong presentation period in drafting their subsequent Claim, dated July 21, 1988. Under these circumstances, defendant, by virtue of its defective notice, has waived its

---

[10]Section 911.3, subdivision (a), as it currently reads, requires a specific set of warnings be given whenever a public entity returns a claim under the Tort Claims Act as untimely, including the warning " '[t]he claim you presented . . . is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code.' "

Section 911.3, subdivision (b), provides "[a]ny defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented . . . ."

right to assert anything other than a six-month presentation period. (See § 911.3, subd. (b); cf. *Phillips, supra,* 49 Cal.3d at p. 711.)

██ Since plaintiffs' Claim was timely on its face under a six-month presentation period and since defendant failed to give specific written notice of rejection under section 913, plaintiffs had two years from the accrual of their cause of action to file their complaint. (§ 945.6, subd. (a)(2). See also *ante* at p. 1501.)[11] Plaintiffs' complaint alleges their cause of action did not accrue until late February or early March of 1988, less than two years before they filed their complaint, and provides the factual basis for this allegation. Defendant did not demur to the complaint on the basis it was untimely under the two-year statute of limitations, nor has it otherwise challenged the sufficiency of the complaint's allegations of delayed accrual for pleading purposes.[12] Accordingly, the trial court should have overruled defendant's demurrer to the complaint.

## IV. DISPOSITION

For the reasons discussed above, we reverse the judgment of the trial court with directions to vacate its order dismissing the action and to issue an order overruling the demurrer. Each party to bear its own costs on this appeal.

Kline, P. J., and Smith, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 18, 1992.

---

[11]We note this affects no unfairness whatsoever to defendant. Since defendant believed a six-month presentation period applied, it should have given plaintiffs written notice of rejection under section 913 because their Claim was timely on its face under a six-month presentation period.

[12]Of course, we express no opinion as to whether plaintiffs will be able to *prove* their allegation of delayed accrual. This is a factual issue, not properly disposed of by way of demurrer. (See *Ngo v. County of Los Angeles, supra,* 207 Cal.App.3d at pp. 949-951.)