Filed 9/22/25  Renn v. Superior Court CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| KERRY A. RENN,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>    Respondent,<br><br>KURTIS J. RENN,<br>    Real Party in Interest. | C104299<br><br>(Super. Ct. No. 24PR001433 ) |

Relying on section 581d of the Code of Civil Procedure, petitioner Kerry A. Renn seeks a writ of mandate directing respondent probate court to file a written order of dismissal *signed* by the court, consistent with respondent court's minute order, so that he can perfect his appeal of the dismissal.  (Statutory section citations that follow are to the Code of Civil Procedure.)  We conclude petitioner is entitled to the relief he seeks.

FACTS AND HISTORY OF THE PROCEEDINGS

Petitioner describes himself as a beneficiary of the Renn Family Trust, and real party in interest Kurtis J. Renn as the trustee as well as a beneficiary of that trust.

1

In May 2024, petitioner initiated an action in respondent court by filing a "Petition for Breach of Fiduciary Duty By Trustee" against real party. In his "Objections/Answers" to the petition, real party asserted that venue was improper in Sacramento County because real party lived and the real property that was the subject of the petition was located in Santa Cruz County. Following a hearing on December 18, 2024, respondent court issued a minute order finding venue was improper in Sacramento County and, sua sponte, dismissed the petition without prejudice.

Thereafter, petitioner filed an "Ex Parte Application For An Order Permitting The Filing Of A Motion To Vacate The Dismissal Of The Petition And Replace The Dismissal With An Order Of Transfer." In his application, petitioner explained that while respondent court dismissed the petition without prejudice to facilitate its filing in Santa Cruz County, the statute of limitations had run on May 17, 2024, barring the case from being refiled. Accordingly, he sought to "replace" the dismissal order with an order transferring the petition to Santa Cruz County. Real party opposed the application, and it was denied on the merits.

On May 16, 2025, petitioner submitted a proposed order for the court's signature. The substance of the proposed order was identical to that used in respondent court's minute order. Real party objected to the proposed order, arguing that it failed to comply with a local rule and the California Rules of Court. Petitioner filed a written response disputing real party's objections and asserting that a signed order was necessary to appeal the dismissal, which he claimed was improper because he was not given notice prior to the hearing that his petition could be dismissed rather than transferred to Santa Cruz County.

Respondent court declined to sign the proposed order. In a minute order issued on May 27, 2025, the court explained, " 'It is well settled that when a court enters a minute order which does not call for the preparation and filing of a formal order, the minute

2

order is final and all legal consequences ensue therefrom.' [Citations.] No formal order is required. [Citations.]"

On June 2, 2025, petitioner filed a "Re-application For A Court-Signed Order Of Dismissal," disputing respondent court's finding that a court-signed order is not required and asserting that respondent court's refusal to sign a written order of dismissal deprived him of his right to appeal. Real party opposed the re-application as procedurally improper. Respondent court set a hearing on the re-application for July 22, 2025.

Meanwhile, on June 13, 2025, petitioner filed a notice of appeal in respondent court, roughly five days before the expiration of the 180 days period following entry of the minute order, to ensure the notice was timely filed. (See Cal. Rules of Court, rule 8.104(a)(1).) Believing the filing of the notice of appeal stayed the proceedings in respondent court, petitioner did not attend the July 22, 2025, hearing on his re-application and sought relief in this court by filing a petition for writ of mandate on July 28, 2025.

On August 15, 2025, this court advised the parties that it was considering issuing a peremptory writ of mandate in the first instance and provided additional time to file an opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) Real party filed an opposition, arguing "mandamus does not lie to compel a judge to endorse a defective or misleading draft, nor to control the court's exercise of discretion in ensuring accuracy." He also asserts that writ relief is improper because petitioner had a plain, speedy, and adequate remedy in the form of a hearing on his re-application for a signed dismissal order. Petitioner filed a reply disputing real party's assertions.

## DISCUSSION

Petitioner claims respondent court erred in refusing to file a written order of dismissal signed by the court. In support of his assertion, he points to section 581d, which provides that "a written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] *All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action*

3

and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." (Emphasis added.) "[A]n order of dismissal is ineffective as a judgment under [section 581d] unless it is in writing, signed by the trial court, and filed. A minute order that is not signed by the trial court does not qualify as a judgment under section 581d." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1575 (*Powell*).)

In *Powell*, the court dismissed an appeal on two grounds, including that "a signed order or judgment dismissing the action ha[d] not been entered in the trial court." (*Id., supra,* 197 Cal.App.4th at p. 1578.) The court found that the trial court's unsigned minute order dismissing the complaint for lack of prosecution was insufficient, and consequently there was no final judgment that might serve as a basis for appellate jurisdiction. (*Ibid.*) Section 581d applies to probate proceedings. (See *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 768 & fn. 13.)

In declining to sign the proposed order, respondent court relied on the following quote from *McHale v. State of California* (1981) 125 Cal.App.3d 396, 399 (*McHale*): "It is well settled that when a court enters a minute order which does not call for the preparation and filing of a formal order, the minute order is final and all legal consequences ensue therefrom."

*McHale* is distinguishable. Unlike the present case, *McHale* did not involve the filing of a notice of appeal and did not mention, much less discuss, section 581d, which expressly provides that "all dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action." (Emphasis added.) *McHale* involved an appeal from a judgment of dismissal entered after a demurrer to the appellant's complaint was sustained without leave to amend. (*McHale, supra,* 125 Cal.App.3d at p. 398.) The sole issue was "whether the 30-day statute of limitations set forth in Government Code section 946.6, subdivision (f), commenced when the minute order was made and filed . . . or when the formal order prepared by appellants' counsel was filed . . ., some 18 days after the minute order was filed." (*Ibid.*) The court held that the limitations period began to run upon the filing of the minute order where the

minute order made no reference to the preparation or filing of a formal order based on the reasoning set forth in the language quoted above. (*Id.* at p. 399.)

In the superior court, real party had also claimed that petitioner's "request for approval of the (proposed) order" was untimely under California Rules of Court, rule 3.1312. That rule provides in part that "[u]nless the parties waive notice or the court orders otherwise, *the party prevailing on any motion* must, within five days of the ruling, serve . . . a proposed order for approval as conforming to the court's order. Within five days after service, the other party or parties must notify the prevailing party as to whether or not the proposed order is so approved." (Cal. Rules of Court, rule 3.1312(a), italics added.)

But here, the dismissal order was not the result of a motion. Rather, real party disputed that venue was proper in Sacramento County in his "Objections/Answers" to the petition, and at a subsequent hearing respondent court found venue was improper in Sacramento County and sua sponte dismissed the petition without prejudice. Moreover, to the extent there was a prevailing party, it was real party, not petitioner. Thus, if anyone was required to serve a proposed order within five days of the court's ruling, it was real party. Should the "prevailing party fail[] to prepare and submit a proposed order," rule 3.1312 provides that "any other party may do so." (Cal. Rules of Court, rule 3.1312(d).) Significantly, the rule does not set forth a deadline for the other party to prepare and submit a proposed order. Accordingly, to the extent rule 3.1312 applies, petitioner's submission of the proposed order was not subject to the five-day period specified therein.

Real party also claimed in the trial court that the proposed order was not formatted in accordance with rule 2.07 of the Sacramento County Superior Court Local Rules in that it did not "specify, immediately below the case number, the date the matter was last calendared for hearing and the judge who heard the matter." (Italics omitted.) He further claims in his opposition to the petition for writ of mandate that it is miscaptioned as "(Proposed) Order Ganting (*sic*) Change of Venue," when no change of venue was granted. He does not, however, take issue with the substance of the proposed order.

5

Should respondent court view these formatting or captioning issues as material, it may prepare its own order and sign it, request petitioner submit a revised proposed order, or sign the minute order itself and file it. (See *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157 [signed minute order dismissing the case was appealable judgment under section 581d].)

Finally, we reject real party's assertion that petitioner is not entitled to writ relief because he had an adequate remedy in the form of a hearing on his re-application, which he failed to attend. As recognized in respondent court's probate notes, the trial court proceedings appeared to be stayed pursuant to Probate Code section 1310, following the filing of the notice of appeal, which petitioner filed to ensure the notice was timely. Under the circumstances of this case, we find petitioner properly sought writ relief.

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith and without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d at p. 178.)

## DISPOSITION

Let a peremptory writ of mandate issue directing the Sacramento County Superior Court to sign a written order of dismissal and file it in the action consistent with section 581d and serve a copy on the parties. Petitioner is awarded their costs. (Cal. Rules of Court, rule 8.493(a)(1)(A).) This opinion shall become final immediately upon filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

_____

HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

MESIWALA, J.

6