Filed 6/15/26  Marriage of Sarkissian and Darbinian CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of SILVA SARKISSIAN and ARGAM DARBINIAN. | B347129 |
| SILVA SARKISSIAN, Respondent, v. ARGAM DARBINIAN, Appellant. | (Los Angeles County Super. Ct. No. 22STFL01352) |

APPEAL from orders of the Superior Court of Los Angeles County, Michelle L. Kazadi, Judge.  Dismissed.

Argam Darbinian, in pro per, for Appellant.

Silva Sarkissian, in pro per, for Respondent.

\* \* \* \* \* \*

Argam Darbinian seeks to appeal the family court's orders (1) designating him as a vexatious litigant (Code Civ. Proc., § 391 et seq.),[1] and (2) renewing a domestic violence restraining order. Because Darbinian filed untimely notices of appeal from both orders, we must dismiss the entirety of his appeal.

## FACTS AND PROCEDURAL BACKGROUND

### I.  Marriage, Entry of Restraining Order, and Dissolution

Darbinian and his former wife, Silva Sarkissian, married in September 2003, separated in February 2022, and, a few weeks later, Sarkissian filed for dissolution and for a domestic violence restraining order. The family court issued a three-year restraining order on April 29, 2022. After a multi-day trial in October and November 2023, the family court issued a final dissolution judgment in April 2024.

On September 5, 2025, we affirmed the final dissolution judgment in an unpublished opinion. (*Sarkissian v. Darbinian* (Sept. 5, 2025, B339461) [nonpub. opn.].) In our opinion, we noted that Darbinian had "violated [the] terms [of the restraining order] multiple times by 'incessantly' harassing wife," including by following her in a car and "nearly running her off the road." He was arrested and prosecuted for violating the order as well.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

## II. Post-Dissolution Litigation

### A. *Leading to vexatious litigant declaration*

In the late summer and early fall of 2024, Darbinian filed a succession of motions aimed at overturning the April 2024 dissolution judgment—namely, (1) a request for order filed on August 22, 2024, seeking to modify the child custody order, visitation order, and attorney fees order, all of which sought to relitigate the dissolution judgment, (2) a 261-page request for order, filed on August 27, 2024, seeking to vacate the dissolution judgment and compel discovery, and (3) a series of motions, some ex parte, filed on October 22, 2024, seeking to vacate the dissolution judgment (122 pages), as well as to change venue, vacate prior sanctions orders against Darbinian, and compel disclosure of any relationship between Sarkissian's counsel and the family court judge (59 pages). All of the requests were denied and found to be either frivolous or "unintelligible"; the court also imposed monetary sanctions against Darbinian because his filings "frustrate[d] the policy of the law to promote settlement of litigation and . . . needlessly increased the cost of litigation."

On November 8, 2024, Sarkissian moved the family court to designate Darbinian as a vexatious litigant based on his repeated meritless attacks on the dissolution judgment.

The family court held a hearing on the motion on January 24, 2025. The same day, the family court issued a signed minute order finding Darbinian to be a vexatious litigant on three counts—namely, (1) that, as a self-represented litigant, he "repeatedly litigated . . . the validity of the Judgment of Dissolution and other issues . . . previous[ly] determined by order of the Court" (thereby satisfying the definition of "vexatious litigant" set forth in section 391, subdivision (b)(2)), (2)

"repeatedly filed unmeritorious motions, attempted to conduct unnecessary discovery, and has engaged in other tactics that are frivolous or solely intended to unnecessarily harass [Sarkissian] and to cause further delay of this matter" (thereby satisfying the definition in section 391, subdivision (b)(3)), and (3) "after being restrained pursuant to a Domestic Violence Restraining Order after hearing, which is still an active order, [he] filed three meritless Requests for Orders and one Exparte application, causing [Sarkissian] to feel harassed and intimidated" (thereby satisfying the definition in section 391, subdivision (b)(5)). The clerk of court served notice of entry of the signed order on Darbinian on the same day.

### B. *Leading to renewed restraining order*

On January 24, 2025, Sarkissian filed a request to extend the previously entered three-year domestic violence restraining order. The court set an evidentiary hearing for March 11, 2025.

Darbinian sought to file a 44-page opposition on the day of the hearing, but the family court struck it as untimely. The court proceeded with the hearing, at which Darbinian and Sarkissian both testified. The court found Sarkissian's testimony to be "credible"; found that Darbinian had "committed acts that violated the restraining order"; and found that Sarkissian proved she "has a reasonable apprehension of future abuse" by Darbinian. The court made the restraining order "permanent." The hearing transcript suggests that Darbinian was personally served with the order at the conclusion of that hearing on March 11, 2025. Darbinian was also served with an order after hearing, signed by the family court, on April 7, 2025.

4

### III. Appeals

Darbinian filed a notice of appeal challenging the vexatious litigation designation on July 7, 2025.

Darbinian filed a notice of appeal challenging the restraining order renewal on June 9, 2025.

### DISCUSSION

Darbinian challenges the family court's order designating him to be a vexatious litigant as well as its order permanently renewing the domestic violence restraining order. As explained below, we lack jurisdiction to consider his appeal of those orders.

### I. Appeal of Vexatious Litigant Designation

An order designating a litigant to be a "vexatious litigant" operates as an injunction, such that an initial designation may be appealed. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347; § 904.1, subd. (a)(6).) An appeal of the initial designation must still be perfected, which requires that a notice of appeal challenging the order be timely filed. As pertinent here, a party has 60 days to file a notice of appeal "after the superior court clerk serves on th[at] party . . . a filed-endorsed copy" of a "signed order." (Cal. Rules of Court, rule 8.104(a)(1)(A), (c)(2); *Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179; cf. *Etheridge v. Reins Internat. California, Inc.* (2009) 172 Cal.App.4th 908, 913 [signed minute order sustaining demurrer and dismissing action with prejudice constituted appealable judgment].) Here, the trial court signed the order declaring Darbinian to be a vexatious litigant on January 24, 2025, and the court clerk served him on that day. Thus, the time to appeal expired 60 days later—on March 25, 2025. Darbinian did not file his notice of appeal until July 7, 2025. His notice of appeal is accordingly untimely.

Darbinian argues that his July 7, 2025 notice of appeal is timely because (1) the trial court subsequently issued a signed order after hearing on March 11, 2025 reaffirming its prior January 24, 2025 designation, (2) no one served that March 11, 2025 order on him, such that (3) the 180-day time period for orders that were never served on a party applies in this case, meaning that he had until September 7, 2025 to file his notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(C)). We reject this argument because where, as here, the trial court's original signed order does not contemplate issuance of a further order and contains the same content as the original signed order,[2] the original signed order is what triggers the duty to file a notice of appeal, regardless of what happens later. (Cal. Rules of Court, rule 8.104(c)(2); *McHale v. State of Cal.* (1981) 125 Cal.App.3d 396, 399 ["When a court enters a minute order which does not call for the preparation and filing of a formal order, the minute order is final and all legal consequences ensue therefrom"]; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1248.)

## II.    Appeal of the Restraining Order Renewal

An order renewing a restraining order is appealable as an order granting an injunction. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1502, fn. 9; § 904.1, subd. (a)(6).) Even if we ignore that the family court clerk was directed to personally serve Darbinian with the renewed order at the March 11, 2025 hearing, and instead rely on the April 7, 2025 further order after hearing served on Darbinian on April 7, 2025, the 60-day window for

---

**2**    Darbinian's assertion that the March 11 order includes a $5,000 security requirement that the original order lacked is incorrect.

appealing the further order expired on June 6, 2025.  Darbinian did not file his notice of appeal until June 9, 2025.  It was accordingly untimely.

*     *     *

Because we have no discretion to relieve a party from an untimely notice of appeal (*Chico Feminist Women's Health Center v. Scully* (1989) 208 Cal.App.3d 230, 254), we dismiss this appeal.

## DISPOSITION

The appeal is dismissed.  Sarkissian is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>**.**


_____, P. J.

HOFFSTADT


We concur:



_____, J.

BAKER



_____, J.

KIM (D.)


7