Filed 10/27/22  Mitchell v. Sotelo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| KRISTA MITCHELL, | C094745 |
| Plaintiff and Appellant, | (Super. Ct. No. CV20201767) |
| v. | |
| CASIE SOTELO, | |
| Defendant and Respondent. | |

Plaintiff Krista Mitchell appeals from an order sustaining defendant Casie Sotelo's demurrer to Mitchell's complaint without leave to amend.  Mitchell sued Sotelo, the clerk of the superior court, alleging that Sotelo was responsible for a minute order that altered the oral ruling of the trial court at a case management conference and effectively relieved the defendants of their defaults in an earlier suit where Mitchell was a plaintiff.

We conclude Mitchell's failure to present an adequate record forfeits the issues raised in the opening brief.  Notwithstanding the inadequate record, we conclude the trial

1

court did not err in determining that Sotelo was entitled to quasi-judicial immunity. We will affirm the judgment.

## I. BACKGROUND

On September 6, 2018, the court clerk entered the defaults of Kathleen Emerson and Daniel R. Enos, defendants in case No. CV-18-889, as requested by plaintiffs Dr. Frederick Mitchell, Krista Mitchell, and Davis Animal Rescue.

On September 10, 2018, the trial court conducted a case management conference at which Frederick Mitchell, Emerson, and Enos appeared in propria persona. The parties disputed the validity of the defaults in light of the court's ruling on defendants' demurrer and motion to quash. The case management judge reviewed a minute order issued on the ruling and stated: "The Court has no record re[garding an] oral argument request on the demur[rer]. So the demur[rer] to the [c]omplaint [was] dropped from the calendar. The motion to quash proof of service and demur[rer] dropped from calendar. It does not mean it's denied. It's dropped from calendar because evidently the person filing the demur[rer] or persons did not make a request for oral argument when the tentative ruling came out. So there—whether or not the entry of default is appropriate, I cannot make a decision. So what I'm going to do is I'm going to continue this matter until January 7th and that will give the prospective parties—if the defaults are good, then this judgment will be entered before then. If there [*sic*] not, then you'll be back here for a trial setting conference."

Frederick Mitchell attempted to argue the basis for the tentative ruling on the demurrer. The trial court responded that it did not undertake law and motion matters and was there only to set dates for trial, a trial readiness conference, and a mandatory settlement conference. The court said: "I do not continue matters other than those three issues, and so I'm continuing this so that the rights of the parties can be sorted out in their appropriate department of this court."

2

Frederick Mitchell inquired: "In the interim, there will be no interference with the term 'entered default,' your Honor?" The trial court responded: "I can't order interference or no interference. [¶] . . . [¶] They are what they are. Whether they're any good or not, I'm not here to determine that."

A case management minute order form dated September 10, 2018, stated that the trial court ordered a further case management conference scheduled for January 7, 2019. The form also included the following handwritten statement: "Defendant(s) granted 2 weeks to seek counsel and file response." Sotelo's name was stamped in the space labeled "CLERK."

On September 11, 2018, two more defaults identical to the defaults entered on September 6, 2018, were requested and entered. On September 14, 2018, the trial court filed an ex parte minute order striking these defaults and stating: "Clerk filed and entered defaults on September 11, 2018[,] against KATHLEEN EMERSON and DANIEL ENOS in error. Clerk[']s Minute Order of September 10, 2018[,] clearly states that defendants [were] granted 2 weeks to seek counsel and file a response. [¶] On Court's own motion the defaults of September 11, 2018[,] [are] hereby stricken."

On December 23, 2020, Krista Mitchell filed a complaint against Sotelo. On May 18, 2021, the trial court issued an order sustaining defendant's demurrer without leave to amend. The trial court concluded that Sotelo "is entitled to quasi-judicial immunity for the conduct complained of in Plaintiff Krista Mitchell's First Amended Complaint." On July 15, 2021, the court entered a judgment of dismissal and Sotelo served a notice of entry of judgment on July 20, 2021. Mitchell timely appealed.

## II. DISCUSSION

### A.   *Inadequate Record on Appeal*

" 'In evaluating a trial court's order sustaining a demurrer, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.]' [Citation.] Further, 'we review the trial court's result for error, and

3

not its legal reasoning. [Citation.]' [Citation.] Finally, 'It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record.' " (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 (*Bains*).)

Mitchell has not provided us with the pleading central to her appeal, i.e., the complaint, "making it impossible for this court to review the complaint de novo to determine whether it states a cause of action." (*Bains, supra*, 172 Cal.App.4th at p. 478.) Mitchell also omits other documents necessary for this court to address her challenge to the judgment, namely, Sotelo's demurrer to the complaint and supporting memorandum, Mitchell's opposition to the demurrer, any reply memorandum Sotelo filed, and the reporter's transcript from the hearing on the demurrer. (*Ibid.*)

On that basis alone, it would be appropriate for us to reject Mitchell's contentions. (See *Bains, supra*, 172 Cal.App.4th at p. 478; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' "]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 [by providing a record that "is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

Nonetheless, despite an inadequate record, we find Mitchell has not sustained her burden on the merits.[1]

---

[1] On the other hand, we do not consider Mitchell's claim that a judge Mitchell disqualified by a peremptory challenge under Code of Civil Procedure section 170.6 participated in the hearing and ruling on the demurrer, even though the order sustaining the demurrer and judgment of dismissal were signed by a different judge. There are no citations to the record regarding these purported events in Mitchell's opening brief, and no documents in the record to cite in support of her assertions. Therefore, Mitchell has forfeited this issue. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800-801 [failure to include citations to appellate record in brief on appeal may result in forfeiture of claim].)

4

*B.* *Analysis*

The trial court's order sustaining Sotelo's demurrer without leave to amend contains the only record we have regarding the allegations of Mitchell's complaint. In the order, the court quoted Mitchell's allegation "that on September 10, 2018, after a Case Management Conference in Yolo County Case No. CV-18-889, defendant [Sotelo] issued a Case Management Minute Order that was 'an extrajudicial order purporting to grant Kathleen Emerson and Daniel Enos relief from default, set aside the separate defaults entered against Emerson and Enos, grant Emerson and Enos leave of court to answer Krista Mitchell's complaint, and grant Emerson and Enos two weeks to seek counsel.' " The court observed that "[t]hese allegations form the crux of the present action."

We conclude the trial court correctly determined that, in preparing the minute order issued on September 10, 2018, Sotelo was entitled to quasi-judicial immunity.

"The concept of judicial immunity is long-standing and absolute, with its roots in English common law. It bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be." (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 851, fn. omitted.) "The rationale behind the doctrine is twofold. First, it 'protect[s] the finality of judgments [and] discourag[es] inappropriate collateral attacks.' [Citation.] Second, it 'protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.' " (*Id.* at p. 852.)

"Under the concept of 'quasi-judicial immunity,' California courts have extended absolute judicial immunity to persons other than judges if those persons act in a judicial or quasi-judicial capacity." (*Howard v. Drapkin, supra*, 222 Cal.App.3d at pp. 852-853.) Courts have applied quasi-judicial immunity to court commissioners, grand jurors, administrative law hearing officers, arbitrators, and prosecutors. (*Id.* at p. 853.) "As with

5

the reason for granting judicial immunity, quasi-judicial immunity is given to promote uninhibited and independent decisionmaking." (*Ibid.*)

Pertinent here, "[c]ourt clerks have absolute quasi-judicial immunity from damages . . . when they perform tasks that are an integral part of the judicial process." (*Mullis v. United States Bankruptcy Court* (9th Cir. 1987) 828 F.2d 1385, 1390 (*Mullis*); see also *Acres v. Marson* (2021) 72 Cal.App.5th 417, 442; *In re Castillo* (9th Cir. 2002) 297 F.3d 940, 952.) Preparation and issuance of a minute order is an integral part of the judicial process. "A minute order is an entry made by the clerk in the court's official minutes indicating the date and substance of the court's ruling on an issue." (Levine, O'Connor's Cal. Practice (2022 ed.) Civil Pretrial, ch. 1-I, § 5.1; see Cal. Rules of Court, rule 8.104(c)(2); *Mandjik v. Eden Township Hosp. Dist.* (1992) 4 Cal.App.4th 1488, 1497.) A trial court's oral ruling is not effective "until it is filed in writing with the clerk or entered in the minutes." (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170.)[2]

Accordingly, courts have held that preparation of a minute order is an integral part of the judicial process and involves discretion, thus quasi-judicial immunity bars Mitchell's claim against Sotelo. (*Darulis v. San Diego Police Officers Gotts #6236* (S.D. Cal. Feb. 1, 2016, No. 15-CV-864-CAB (BGS)) 2016 U.S. Dist. Lexis 199877, at p. *8; *Littlefield v. Viveros* (E.D. Cal. June 12, 2007, No. 1:06CV1530 OWW DLB) 2007 U.S. Dist. Lexis 42427, at p. *6.) Even viewed as merely a clerical or administrative function, preparing a minute order is an integral part of the judicial function of rendering

---

[2] We note that a trial court may properly file a minute order that differs from its oral rulings. (*In re Marriage of Drake, supra*, 53 Cal.App.4th at p. 1170.) Further, a minute order that simply clarifies the court's ambiguous oral rulings correctly recites the court's ruling. (See *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)

an effective order based on an oral ruling.[3]  (See *In re Castillo, supra*, 297 F.3d at p. 952; *Morrison v. Jones* (9th Cir. 1979) 607 F.2d 1269, 1273 [court clerk's "failure . . . to perform a ministerial duty which was part of the judicial process is also clothed with quasi-judicial immunity"]; *Pano v. County of Los Angeles* (C.D. Cal. Aug. 19, 2020, No. CV 19-10521-ODW (KS)) 2020 U.S. Dist. Lexis 247998, at p. *18 [court clerk had absolute quasi-judicial immunity from an action asserting liability for an entering an inaccurate minute order "because entering orders is an integral component of the judicial process"]; see *Stahl v. Klotz* (E.D. Cal. 2020) 440 F.Supp.3d 1113, 1120 ["The preparation of accurate minute orders is essentially ministerial, not adjudicative, and therefore not covered by quasi-judicial immunity"].)

Mitchell argues, however, that the statements of the judge at the case management conference indicated he had no jurisdiction to grant relief from default.  Therefore, Mitchell asserts that the case management minute order bearing Sotelo's name "is *prima facie* evidence that Casie Sotelo was 'deprived of [her] immunity when [she] . . . acted "in the clear absence of all jurisdiction." ' "  (See *Stump v. Sparkman* (1978) 435 U.S. 349, 356-357 ["A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction' "]; *Howard v. Drapkin, supra*, 222 Cal.App.3d at p. 851.)  "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." (*Mullis, supra*, 828 F.2d at p. 1389.)  A mistake or act in excess of jurisdiction does not abrogate quasi-judicial immunity.  (*Id.* at p. 1390)

---

[3]  Mitchell, however, contends in her opening brief:  "Casie Sotelo did not perform a purely administrative act, she performed a judicial act of granting relief to the defendants."  Mitchell thus reinforces our conclusion that Sotelo is entitled to quasi-judicial immunity.  (See *Acres v. Marson, supra*, 72 Cal.App.5th at p. 442 [court clerk entitled to immunity for acts " 'normally handled by a judge' "].)

The judge's statements at the case management conference do not establish a "clear absence of all jurisdiction" over the default proceedings. Rather, after the parties' confusing and conflicting accounts of prior rulings on a demurrer and motion to quash, as well as review of a minute order stating that these matters had not been denied but dropped from the calendar, the case management judge ordered a continuance to give the parties time to resolve the status of the defaults before he could proceed to set a trial date or not. The minute order reflected this purpose. To the extent the order was inaccurate or exceeded the trial court's oral ruling, this does not establish a "clear absence of all jurisdiction." (*Mullis, supra*, 828 F.2d at p. 1389.) In any event, Sotelo's action in preparing a minute order was within the general subject matter jurisdiction of court clerks. (See Cal. Rules of Court, rule 8.104(c)(2); see also *Rhodes v Gordon* (C.D. Cal. July 16, 2013, No. CV 12-2863-JGB (DTB)) 2013 U.S. Dist. Lexis 100813, at p. *47.)

We conclude the trial court correctly ruled that Sotelo was entitled to quasi-judicial immunity.[4]

---

[4] Mitchell does not argue on appeal that the trial court should have granted her leave to amend the complaint or argue that there was a reasonable possibility the defects in her claims could have been cured by amendment. Accordingly, we conclude the trial court did not abuse its discretion in sustaining Sotelo's demurrer without leave to amend. (See *Bardin v. DaimlerChrysler Corp.* (2006) 136 Cal.App.4th 1255, 1277.)

## III. DISPOSITION

The judgment is affirmed.  Sotelo is to recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

HOCH, J.

9